B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## Northern District of Illinois

In re   Harlow N Higinbotham                                              Case No.   18-31185
                                    Debtor(s)                             Chapter    11

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   | | | |
   |---|---|---|
   | For legal services, I have agreed to accept | * $ | 50,000.00 |
   | Prior to the filing of this statement I have received | $ | 15,000.00 |
   | Balance Due | ** $ | 35,000.00 |

   * Agreed to accept advance payment minimum fee of $15,000.00 and post-petition retainer of $35,000.00 for services being rendered herein.

   ** Balance due is undetermined and dependent upon professional services to be rendered and calculated in accordance with the Attorneys hourly fee schedule in effect from time to time.

2. The source of the compensation paid to me was:

   ☐ Debtor      ☑ Other (specify):   Susan Higinbotham

3. The source of compensation to be paid to me is:

   ☑ Debtor      ☐ Other (specify):

4. ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]
      All services required by the Debtor as Chapter 11 Debtor In Possession

6. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
   NA

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

November 19, 2018                         /s/ Gregory K. Stern
Date                                      Gregory K. Stern 6183380
                                          *Signature of Attorney*
                                          Gregory K. Stern, P.C.
                                          53 West Jackson Boulevard
                                          Suite 1442
                                          Chicago, IL 60604
                                          (312) 427-1558  Fax: (312) 427-1289
                                          greg@gregstern.com
                                          *Name of law firm*

# ATTORNEY CLIENT AGREEMENT

THIS AGREEMENT, made on November 5, 2018, , is hereby entered into between Harlow N. Higinbotham, 2002 East Cass Street, Joliet, Illinois 60432, (the "Client"), and Gregory K. Stern, P.C., 53 West Jackson Boulevard, Suite 1442 Chicago, Illinois (the "Attorneys").

1. The Client has agreed to pay the Attorneys a fee for professional services rendered pursuant to paragraph 2 hereof. The fee shall be based and calculated on the Attorneys' standard hourly rates as in effect from time to time. At present the hourly rates are as follows: $500.00 for Gregory K. Stern and Dennis E. Quaid, $475.00 for Monica C. O'Brien and $350.00 for Rachel S. Sandler.

The Client has agreed to pay the Attorneys a retainer in the total amount of $50,000.00 and has tendered a non-refundable advance payment minimum fee of $15,000.00 that the Attorneys accept on the conditions herein enumerated that will be deposited into the Attorneys' general operating account. The Client has agreed to pay the Attorneys the balance of the retainer of $35,000.00, subject to bankruptcy court approval after notice to all creditors and parties in interest. In addition, the Client shall pay the fee when billed, except that, during the pendency of the Chapter 11, the Client will pay for services pursuant to court orders entered on applications for interim or final compensation, or per a separate written agreement with the Attorneys.

2. The fee consists of compensation for professional services including, but not limited to: analyzing case for filing Chapter 7 or Chapter 11; reviewing and investigating assets, liabilities, loan and other documentation, preparation of Chapter 11 Petition, Schedules, Statement of Financial Affairs, Statement of Social Security Number(s), Notice To Individual Consumer Debtor Under §342(b), Statement of Current Monthly Income and Means Test Calculation, Declaration Regarding Electronic Filing and Certificate of Counseling, list of creditors, List of Twenty Largest Unsecured Creditors and other documents for filing, representation at the first meeting of creditors; defending creditors' motions to convert, dismiss or modify the automatic stay, if any; defending motions to appoint Chapter 11 Trustee, preparation and presentation of motions to employ attorneys, accountants or other professional persons, motions for use, sale or lease of property, motions to assume or reject executory contracts; preparation and presentation of disclosure statement, plan and other necessary pleadings in furtherance of reorganizational goals; solicitation of creditor's acceptance; review of proofs of claims and objections regarding same; and, any other act or service in furtherance of reorganizational goals.

3. The fee does not include reasonable costs and expenses, which include but are not limited to filing fees, court costs, copying, postage, Westlaw expenses, credit counseling certification fees, pre-discharge financial management course fees or credit report fees, which costs, if advanced by the Attorney, shall be reimbursed to the Attorneys by the Client.

4. Any modification of this Agreement is void unless it is in writing and is signed by both parties.

_____
Harlow N. Higinbotham

_____
Gregory K. Stern, P.C.