# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| **Harlow N. Higinbotham**, | Bankruptcy No. 18-31185 |
| Debtor. | Honorable LaShonda A. Hunt |

## NOTICE OF MOTION

**Please take notice** that, on **January 10, 2019, at 10:00 a.m.**, or as soon thereafter as counsel may be heard, the undersigned shall appear before the Honorable LaShonda A. Hunt, United States Bankruptcy Judge for the Northern District of Illinois, in Courtroom 719 of the United States Courthouse, at 219 South Dearborn Street, Chicago, Illinois, to present the **Motion of Wipaporn Teekhungam and the Parties' Minor Children for an Extension of Time in which to File Objections to Debtor's Claims of Exemption**, a copy of which is included herewith and served upon you, at which time and place you may appear.

Dated: January 3, 2019

**Wipaporn Teekhungam, A.H**, a minor, **A.H.**, a minor, and **A.H.**, a minor

By: /s/ Deborah K. Ebner
One of Their Attorneys

William J. Factor (6205675)
Deborah K. Ebner, Of Counsel (6181615)
Jeffrey K. Paulsen (6300528)
**FACTORLAW**
105 W. Madison Street, Suite 1500
Chicago, IL 60602
Tel:    (847) 239-7248
Fax:    (847) 574-8233
Email: wfactor@wfactorlaw.com
          dkebner@deborahebnerlaw.com
          jpaulsen@wfactorlaw.com

## CERTIFICATE OF SERVICE

I, Deborah K. Ebner, an attorney, hereby certify that on January 3, 2019, pursuant to Section II.B.4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused a copy of the foregoing *Notice of Motion* and the accompanying *Motion* to be served electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the Service List below and by U.S. mail on all other persons identified on the Service List.

/s/ Deborah K. Ebner

## SERVICE LIST

**Registrants**
(Service via ECF)

| | |
|---|---|
| Bianca E. Ciarroni | bciarroni@freeborn.com, bkdocketing@freeborn.com |
| Michael K. Desmond | mdesmond@fslegal.com, dorisbay@fslegal.com |
| Deborah K. Ebner | dkebner@deborahebnerlaw.com, webmaster@debnertrustee.com, lizd@deborahebnerlaw.com |
| William J. Factor | wfactor@wfactorlaw.com, wfactorlaw@gmail.com, bharlow@wfactorlaw.com, wfactor@ecf.inforuptcy.com, wfactormyecfmail@gmail.com, factorwr43923@notify.bestcase.com |
| Shira R. Isenberg | sisenberg@freeborn.com, bkdocketing@freeborn.com, jhazdra@ecf.inforuptcy.com |
| Patrick S. Layng | USTPRegion11.ES.ECF@usdoj.gov |
| Jeffrey K. Paulsen | jpaulsen@wfactorlaw.com, bharlow@wfactorlaw.com, jpaulsen@ecf.inforuptcy.com |
| Nathan Q. Rugg | Nathan.Rugg@bfkn.com, jean.montgomery@bfkn.com |
| Gregory K. Stern | greg@gregstern.com, steve_horvath@ilnb.uscourts.gov |
| Stephen G. Wolfe | steve.g.wolfe@usdoj.gov, jennifer.r.toth@usdoj.gov |

**Non-Registrants**
(Service via U.S. Mail)

Harlow N. Higinbotham
RD No. 2
2002 East Cass St.
Joliet, IL 60432

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| **Harlow N. Higinbotham**, | Bankruptcy No. 18-31185 |
| Debtor. | Honorable LaShonda A. Hunt |

### MOTION OF WIPAPORN TEEKHUNGAM AND THE PARTIES' MINOR CHILDREN FOR EXTENSION OF TIME TO OBJECT TO DEBTOR'S CLAIMS OF EXEMPTIONS

Now come Wipaporn Teekhungam and the Parties' Minor Children (collectively referred to as Movants), and in support of their motion for extension of time in which to file an objection to Debtor's claims of Exemption, state as follows:

1.    This is a core proceeding concerning the administration of this estate pursuant to 28 USC Section 157(b)(2)(A).

2.    This case was filed pursuant to Chapter 11 of the United States Bankruptcy Code on November 5, 2018. Thereafter Debtor filed a list of property claimed as exempt from creditor attachment. A true and correct copy of that list of exempt property is attached hereto and incorporated here in as Exhibit A.

3.    A meeting of creditors was convened on December 11, 2018, and concluded on that date.

4.    Section 522(l) of the Bankruptcy Code provides:

> The debtor shall file a list of property that the debtor claims is exempt under Subsection (b) of this Section.  If the debtor does not file such a list, a dependent of the debtor may file such a list, or may claim property of the estate on behalf of the debtor.  *Unless a party in interest objects, the property claimed as exempt on such list is exempt.*

{00130454}

5.      Rule 4003(b) of the Federal Rules of Bankruptcy Procedure sets forth the deadline within which objections to claimed exemptions are to be filed. Specifically,

> A party in interest may file an objection to the list of property claimed as exempt *only within 30 days after the meeting of creditors held under § 341(a) is concluded* or within 30 days after any amendment to the list or supplemental schedules is filed, which is later.

6.      *Taylor v. Freeland & Kronz,* 503 U.S. 638 (1992), is the leading case in the nation interpreting the above code sections.  The Court clearly held that a Trustee may not contest the validity of a claimed exemption after the Rule 4003(b) 30-day period has expired. Failure to file a timely objection is an **absolute bar** to consideration of the merit of the exemptions.  *In re Kazi*, 985 F.2d 318, 320 (7th Cir. 1993).  *See also In re Rosenzweig,* 245 B.R. 836 (N.D. Ill. 2000).

7.      The Court has encouraged the parties to negotiate with one another in order to narrow the differences between the parties. Movants have abided by and continue to abide by the Court's request, but the process of negotiation is time consuming given the number of attorneys involved, and other difficult considerations. Time devoted to settlement efforts have interrupted the time that otherwise would have been used to complete due diligence investigation of not only the validity of the claimed exemptions, but the preparation of properly articulated objections, to the extent necessary.  Under the circumstances, Movants are unable to complete necessary due diligence requirements prior to the current deadline of January 10, 2019. Accordingly, Movants believe that a request for extension is reasonable under the circumstances.

**Wherefore**, Teekhungam and the children respectfully request that the Court extend the date by which Movant have to object to the Exhibit A exemptions to and including February 14, 2019, and grant such further relief as is appropriate in the circumstances.

Dated: January 3, 2019

Respectfully submitted,

**Wipaporn Teekhungam**, **A.H**, a minor, **A.H.**, a minor, and **A.H.**, a minor

By: /s/ Deborah K. Ebner
One of Their Attorneys

William J. Factor (6205675)
Deborah K. Ebner, Of Counsel (6181615)
Jeffrey K. Paulsen (6300528)
**FACTORLAW**
105 W. Madison Street, Suite 1500
Chicago, IL 60602
Tel:   (847) 239-7248
Fax:   (847) 574-8233
Email: wfactor@wfactorlaw.com
          dkebner@deborahebnerlaw.com
          jpaulsen@wfactorlaw.com

# Exhibit A

| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | Harlow N Higinbotham | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF ILLINOIS | | |
| Case number | 18-31185 | | |
| (if known) | | | |

■ Check if this is an amended filing

## Official Form 106C

# Schedule C: The Property You Claim as Exempt

4/16

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

**For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.**

### Part 1:  Identify the Property You Claim as Exempt

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ■ You are claiming state and federal nonbankruptcy exemptions.  11 U.S.C. § 522(b)(3)

   ☐ You are claiming federal exemptions.  11 U.S.C. § 522(b)(2)

2. **For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption.* | | Specific laws that allow exemption |
|---|---|---|---|---|
| RD No. 2 2002 East Cass Street Joliet, IL 60432  Will County<br>Subject to claims of Susan Higinbotham<br>Line from *Schedule A/B*: 1.1 | $1,987,350.00 | ■ | $15,000.00 | 735 ILCS 5/12-901 |
| | | ☐ 100% of fair market value, up to any applicable statutory limit | | |
| RD No. 2 2002 East Cass Street Joliet, IL 60432  Will County<br>Subject to claims of Susan Higinbotham<br>Line from *Schedule A/B*: 1.1 | $1,987,350.00 | ■ | 100% | 735 ILCS 5/12-112 |
| | | ☐ 100% of fair market value, up to any applicable statutory limit | | |
| 2002 Chevrolet Silverado<br>Line from *Schedule A/B*: 3.2 | $4,000.00 | ■ | $2,400.00 | 735 ILCS 5/12-1001(c) |
| | | ☐ 100% of fair market value, up to any applicable statutory limit | | |
| Necessary Wearing Apparel<br>Line from *Schedule A/B*: 11.1 | $5,000.00 | ■ | $5,000.00 | 735 ILCS 5/12-1001(a) |
| | | ☐ 100% of fair market value, up to any applicable statutory limit | | |
| Checking Account ending 1987: Northern Trust<br>Line from *Schedule A/B*: 17.1 | $36,510.00 | ■ | $4,000.00 | 735 ILCS 5/12-1001(b) |
| | | ☐ 100% of fair market value, up to any applicable statutory limit | | |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com

| Debtor 1 | Harlow N Higinbotham | | Case number (if known) | 18-31185 |

| Brief description of the property and line on Schedule A/B that lists this property | Current value of the portion you own<br><br>Copy the value from Schedule A/B | Amount of the exemption you claim<br><br>Check only one box for each exemption. | Specific laws that allow exemption |
|---|---|---|---|
| Brokerage Account ending 6357: Northern Trust Securities, Inc. (value as of October 31, 2018)<br>Line from Schedule A/B: 17.2 | $10,691,837.41 | ■ 100%<br>☐ 100% of fair market value, up to any applicable statutory limit | NJ Rev Stat Section 46:3-17.2 - Tenancy by Entirety |
| 401(k): Marsh & McLennan Companies (value as of October 31, 2018)<br>Line from Schedule A/B: 21.1 | $816,825.17 | ■ 100%<br>☐ 100% of fair market value, up to any applicable statutory limit | 735 ILCS 5/12-1006 |
| Supplemental Savings & Investment Plan: Marsh & McLennan Companies (value as of October 31, 2018)<br>Line from Schedule A/B: 21.2 | $713,008.52 | ■ 100%<br>☐ 100% of fair market value, up to any applicable statutory limit | 735 ILCS 5/12-1006 |
| Rollover IRA: Fidelity Brokerage Services LLC (value as of October 31, 2018)<br>Line from Schedule A/B: 21.3 | $1,811,231.85 | ■ $1,807,236.63<br>☐ 100% of fair market value, up to any applicable statutory limit | 735 ILCS 5/12-1006 |
| Roth Retirement Account: Fidelity Brokerage Services LLC(value as of October 31, 2018)<br>Line from Schedule A/B: 21.4 | $37,699.08 | ■ $37,699.08<br>☐ 100% of fair market value, up to any applicable statutory limit | 735 ILCS 5/12-1006 |
| Retirement Annuity Through Employer (Prudential)<br>Line from Schedule A/B: 23.1 | Unknown | ■ 100%<br>☐ 100% of fair market value, up to any applicable statutory limit | 735 ILCS 5/12-1006 |
| AXA Equitable Life Insurance Company (policy ending 329)<br>Beneficiary: Susan Higinbotham<br>Line from Schedule A/B: 31.2 | $7,980.00 | ■ 100%<br>☐ 100% of fair market value, up to any applicable statutory limit | 735 ILCS 5/12-1001(f) |
| AXA Equitable Life Insurance Company (policy ending 329)<br>Beneficiary: Susan Higinbotham<br>Line from Schedule A/B: 31.2 | $7,980.00 | ■ 100%<br>☐ 100% of fair market value, up to any applicable statutory limit | 735 ILCS 5/12-1001(h)(3) |
| AXA Equitable Life Insurance Company, whole life policy ending 664<br>Beneficiary: Susan Higinbotham<br>Line from Schedule A/B: 31.3 | $6,790.00 | ■ 100%<br>☐ 100% of fair market value, up to any applicable statutory limit | 735 ILCS 5/12-1001(f) |
| AXA Equitable Life Insurance Company, whole life policy ending 664<br>Beneficiary: Susan Higinbotham<br>Line from Schedule A/B: 31.3 | $6,790.00 | ■ 100%<br>☐ 100% of fair market value, up to any applicable statutory limit | 735 ILCS 5/12-1001(h)(3) |
| AXA Equitable Life Insurance Company, Whole Life Policy ending 136<br>Beneficiary: Susan Higinbotham<br>Line from Schedule A/B: 31.4 | $6,500.00 | ■ 100%<br>☐ 100% of fair market value, up to any applicable statutory limit | 735 ILCS 5/12-1001(f) |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

Debtor 1    Harlow N Higinbotham                                              Case number (if known)    18-31185

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>Check only one box for each exemption. | Specific laws that allow exemption |
|---|---|---|---|
| AXA Equitable Life Insurance Company, Whole Life Policy ending 136<br>Beneficiary: Susan Higinbotham<br>Line from *Schedule A/B*: 31.4 | $6,500.00 | ■    100%<br>☐   100% of fair market value, up to any applicable statutory limit | 735 ILCS 5/12-1001(h)(3) |
| AXA Equitable Life Insurance Company, While Life Policy ending 992<br>Beneficiary: Susan Higinbotham<br>Line from *Schedule A/B*: 31.5 | $6,592.00 | ■    100%<br>☐   100% of fair market value, up to any applicable statutory limit | 735 ILCS 5/12-1001(f) |
| AXA Equitable Life Insurance Company, While Life Policy ending 992<br>Beneficiary: Susan Higinbotham<br>Line from *Schedule A/B*: 31.5 | $6,592.00 | ■    100%<br>☐   100% of fair market value, up to any applicable statutory limit | 735 ILCS 5/12-1001(h)(3) |
| AXA Equitable Life Insurance Company, Whole Life Policy ending 821<br>Beneficiary: Susan Higinbotham<br>Line from *Schedule A/B*: 31.6 | $6,425.00 | ■    100%<br>☐   100% of fair market value, up to any applicable statutory limit | 735 ILCS 5/12-1001(f) |
| AXA Equitable Life Insurance Company, Whole Life Policy ending 821<br>Beneficiary: Susan Higinbotham<br>Line from *Schedule A/B*: 31.6 | $6,425.00 | ■    100%<br>☐   100% of fair market value, up to any applicable statutory limit | 735 ILCS 5/12-1001(h)(3) |
| AXA Equitable Life Insurance Company, Whole Life Policy ending 923<br>Beneficiary: Susan Higinbotham<br>Line from *Schedule A/B*: 31.7 | $8,657.84 | ■    100%<br>☐   100% of fair market value, up to any applicable statutory limit | 735 ILCS 5/12-1001(f) |
| AXA Equitable Life Insurance Company, Whole Life Policy ending 923<br>Beneficiary: Susan Higinbotham<br>Line from *Schedule A/B*: 31.7 | $8,657.84 | ■    100%<br>☐   100% of fair market value, up to any applicable statutory limit | 735 ILCS 5/12-1001(h)(3) |
| Farm Tools and Equipment (subject to claims of Susan Higinbotham)<br>Line from *Schedule A/B*: 49.1 | $2,500.00 | ■    $1,500.00<br>☐   100% of fair market value, up to any applicable statutory limit | 735 ILCS 5/12-1001(d) |

3. **Are you claiming a homestead exemption of more than $160,375?**
(Subject to adjustment on 4/01/19 and every 3 years after that for cases filed on or after the date of adjustment.)

☐   No

■   Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

    ■   No

    ☐   Yes

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy