# EXHIBIT K

#59890

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

| | |
|---|---|
| In Re the Parentage of:<br>WIPAPORN TEEKHUNGAM<br>a/k/a Chirathip Teekhunngam,<br>Individually and on behalf of<br><br>▆▆▆▆▆▆▆▆▆▆▆▆ Minors<br><br>Petitioners,<br><br>v.<br><br>HARLOW NILES HIGINBOTHAM,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  No. 11 D 6475<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### MOTION FOR SANCTIONS FOR MATERIAL MISREPRESENTATIONS AND OMISSIONS CONTAINED IN RESPONDENT'S FINANCIAL AFFIDAVIT PURSUANT TO ILLINOIS SUPREME COURT RULE 137 AND 750 ILCS 5/501(a)(1)

NOW COME the Minor Children, ▆▆▆▆▆▆▆▆ HIGINBOTHAM, ▆▆▆▆▆▆▆▆ HIGINBOTHAM, and ▆▆▆▆▆▆▆▆ HIGINBOTHAM (hereafter referred to as the ""Minor Children" or the "Higinbotham Children") by and through their attorneys, ROSENFELD HAFRON SHAPIRO & FARMER, and moves this Honorable Court to sanction the Respondent pursuant to Illinois Supreme Court Rule 137 and 750 ILCS 5/501(a)(1) for his intentional and/or reckless failure to fully disclose his assets and/or for material misrepresentations of fact and/or omissions made with regard to his financial disclosure affidavit as more fully set forth below and in support thereof, the Minor Children state as follows:

1. Respondent submitted to this Court, under oath, a Financial Affidavit dated October 26, 2017.

2. Respondent initialed each page of the Financial Affidavit and affixed his signature on the last page.

3. On June 22, 2018, after having been duly sworn by this Court and upon examination of Petitioner's Counsel, Respondent testified as to the contents of said Financial Affidavit.

4. On August 6, 2018, upon further review and scrutiny of Respondent's Financial Affidavit, it was revealed that Respondent had made material misstatements, misrepresentations, and/or omissions with respect to his assets, income, liabilities and expenses, to wit, the following[1]:

   a. Respondent lists a rent expense for lease that no longer exists.

   b. Respondent lists child care expenses, yet there is conflicting testimony from his wife, Susan Higinbotham, with regard to said alleged childcare expenses.

   c. Respondent makes material misrepresentations with regard to his financial accounts as a means to mislead this Court and to suppress the full value of his assets. Specifically, Respondent knowingly and intentionally disclosed only a portion of the total value of his accounts listed in his financial affidavit.

   d. Respondent makes material misrepresentations with regard to the fair market value of his real property as a means to mislead this Court as to the full value of said assets.

---

[1] Averments herein intentionally lack specificity in order to maintain the confidentiality required per the Agreed Protective Order dated October 16, 2017. Greater specificity will be provided at the hearing of this Motion for Sanctions.

e. Respondent makes material omission with regard to property owned by him. Specifically, Respondent knowingly and intentionally failed to disclose the existence of an entire piece of property owned by him.

f. Respondent makes material misrepresentation as to his alleged liabilities with regard to certain promissory notes for which no consideration was received.

5. Illinois Supreme Court Rule 137 states in relevant part:

**(a) Signature requirement/certification.** Every pleading, motion and other document of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading, motion, or other document and state his address. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit. *The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other document; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.* If a pleading, motion, or other document is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant. If a pleading, motion, or other document is signed in violation of this rule, the court, **upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of reasonable expenses incurred because of the filing of the pleading, motion or other document, including a reasonable attorney fee**. *(emphasis added)*

6. Section 501(a)(1) of the Illinois Marriage and Dissolution of Marriage Act (IMDMA) states in relevant part as follows:

" If a party intentionally or recklessly files an inaccurate or misleading financial affidavit, the court *shall* impose significant penalties and sanctions including, but not limited to, costs and attorneys fees." (emphasis added)

7. For the reasons set forth above in paragraph 4, the Respondent is in violation of Rule 137 and Section 501(a)(1) of the IMDMA with respect to his Financial Affidavit.

3

8. The rules of this Honorable Court require full and complete disclosure.[2]

9. Respondent's intentional failure to fully disclose his assets and/or otherwise intentionally inflate his expenses and/or misrepresent his financial position is an affront to this Court.

10. Respondent's behavior is particularly shameful in the context of this litigation where the Court must determine a fair and proper child support amount for Respondent's three oldest sons. As such, candor and complete disclosure by the Respondent is crucial in order for the Court to make a fair and proper assessment of child support for the three minor children. Anything less than full financial disclosure by the Respondent is tantamount to willful deprivation of these three little boys of the financial care they so desperately deserve.

11. Respondent's failure to fully disclose his assets and/or otherwise be truthful in his financial affidavit interferes with this Court's administration of justice.

12. The plain language of Section 501(a)(1) ***requires*** the Court to impose sanctions where, as here, a party intentionally submits a misleading and inaccurate financial affidavit.

13. Section 501(a) also does not impose any particular limitation upon the sanction(s) to be levied upon a party. As such, it follows that the Court may avail itself of the sanctions authorized by Illinois Supreme Court Rule 219(c) which include, but are not limited to the following:

> "...(ii) that the offending party be debarred from filing any other pleading relating to any issue which the refusal or failure relates.
>
> (iii) that the offending party be debarred from maintaining any particular claim, counter-claim, third-party complaint, or defense relating to that issue;
>
> (iv) that a witness be barred from testifying concerning that issue;
>
> (v) that, as to claims and defenses asserted in any pleading to which that issue

---

[2] *See generally*, Illinois Supreme Court Rule 201.

4

is material, a judgment by default be entered against the offending party or that the offending party's action be dismissed with or without prejudice; or

(vi) that any portion of the offending party's pleadings related to that issue be stricken and, if thereby made appropriate, judgment be entered as to that issue…"

14. Pursuant to its authority as specified in Illinois Supreme Court Rules 137 and 219(c) as well as Section 501(a)(1), this Court should sanction Respondent as follows:

   a. Bar the Respondent from filing any pleadings relating to financial matters in this case;

   b. Bar the Respondent from maintaining any claim, counter-claim, or defense relating to any financial matters in this case;

   c. Bar the testimony of Respondent and/or any witness proffered by him with respect to any financial matters pending before this Court;

   d. Strike all pleadings filed by Respondent which concern financial matters, claims and/or defenses and enter judgment as to those issues.

   e. Enter a judgment by default as against Respondent and in favor of the Petitioner and the Minor Children with respect to all financial relief requested by them.

15. Respondent's continuous and on-going disregard and disrespect for this Honorable Court and the Rules regulating same should not be tolerated.

16. For the foregoing reasons, Respondent should be sanctioned in accordance with Illinois Supreme Court Rule 137 and Section 501(a)(1) for his intentional submission to this Court of a financial affidavit that is rife with misrepresentations, misstatements, and omissions.

**WHEREFORE, YOUR MOVANT SEEKS THE FOLLOWING RELIEF:**

   A. That the court issue the appropriate sanction against HARLOW NILES HIGINBOTHAM

pursuant to Section 501(a)(1) of the IMDMA , Illinois Supreme Court Rule137 and Illinois Supreme Court Rule 219(c) including, without limitation, all sanctions listed in paragraph 14 above as well as payment of the attorneys' fees and costs incurred by the Minor Children in defense hereof for his intentional failure to fully and/or accurately disclose his financial position in his financial affidavit ; and

B. For such other and further relief as deemed just and equitable.

RESPECTFULLY SUBMITTED:

Howard H. Rosenfeld,
Attorney for the Minor Children

Rosenfeld Hafron Shapiro & Farmer, #59890
Attorneys for Minor Children
221 N LaSalle St #1763
Chicago IL 60601
(312) 372-6058

6