# EXHIBIT L

#59890

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

In Re the Parentage of: )
WIPAPORN TEEKHUNGAM )
a/k/a Chirathip Teekhunngam, )
Individually and on behalf of )
)
████████████████████████ )
)
)
)
, Minors ) No. 11 D 6475
)
Petitioners, )
)
v. )
)
HARLOW NILES HIGINBOTHAM, )
)
Respondent. )

**MOTION TO VACATE IN PART, OR IN THE ALTERNATIVE TO MODIFY IN PART, THE AGREED PROTECTIVE ORDER DATED OCTOBER 16, 2017 AND FOR SANCTIONS PURSUANT TO ILLINOIS SUPREME COURT RULES 137 AND 219(C) FOR RESPONDENT'S VIOLATION OF THE AGREED PROTECTIVE ORDER AS AMENDED ON JUNE 14, 2018**

NOW COME the Minor Children, ████████████ HIGINBOTHAM, ████████ HIGINBOTHAM, and ████████████ HIGINBOTHAM (hereafter referred to as the ""Minor Children" or the "Higinbotham Children") by and through their attorneys, ROSENFELD HAFRON SHAPIRO & FARMER, and moves this Honorable Court to vacate in part, or in the alternative to modify in part, the Agreed Protective Order dated October 16, 2017 and for sanctions pursuant to Illinois Supreme Court Rule 137 and 219(c) for Respondent's violation of the Agreed Protective Order as amended on June 14, 2018 and in support thereof, the Minor Children state as follows:

1

## COUNT I-

## VACATE IN PART OR, IN THE ALTERTIVE MODIFY IN PART, THE AGREED PROTECTIVE ORDER DATED OCTOBER 16, 2017

1.	Prior to the appointment of Counsel of the Minor Children, the Petitioner, WIPAPORN TEEKHUNGAM, and the Respondent, HARLOW NILES HIGINBOTHAM, entered into an Agreed Protective Order and said order was entered by this Court on October 16, 2017. See Order dated October 16, 2017 attached and incorporated herein as **Exhibit A**.

2.	The Agreed Protective Order related to the protection and confidentiality of documents and information which the parties were to receive via formal discovery and/or oral testimony at deposition or trial and which related to the parties' respective finances.

3.	The Agreed Protective Order goes on to define the term "confidential information", the scope of the confidentiality and describes who is authorized to receive said confidential information.

4.	The Agreed Protective Order prohibits the disclosure of confidential information to any other person or entity without the express written consent of both parties and further prohibits the parties from publishing any specific information in any court filing without express written consent of both parties.

5.	The Court expressly reserved the right to modify said order upon petition and hearing. See **Exhibit A**.

6.	On June 14, 2018, the Agreed Protective Order was amended to include as confidential information "any and all past, present, and future discovery requests and

2

actually produced documentation in this cause, related to WIPAPORN and/or the three (3) subject minor children's immigration status in the UK and matters related thereto. See Order dated June 14, 2018 attached and incorporated herein as **Exhibit B**.

7. Since the entry of the Agreed Protective Order (and the Amended Protective Order), certain circumstances have come to light such that the terms of the Agreed Protective Order inhibits the administration of justice as it relates to the representation of the Minor Children in the context of a hearing on support.

8. Specifically, on August 6, 2018, upon further review and scrutiny of Respondent's Financial Affidavit by this Court and counsel, it was revealed that Respondent had made material misstatements, misrepresentations, and/or omissions with respect to his assets, income, liabilities and expenses, to wit, the following[1]:

   a. Respondent listed a rent expense for lease that no longer exists.
   b. Respondent listed child care expenses that there is conflicting testimony with regard to said alleged childcare expenses.
   c. Respondent made material misrepresentations with regard to his financial accounts as a means to mislead this Court and to suppress the full value of his assets. Specifically, Respondent knowingly and intentionally disclosed only a portion of the total value of his accounts listed in his financial affidavit.
   d. Respondent made material misrepresentations with regard to the fair market value of his real property as a means to mislead this Court as to the full value of said assets.

---

[1] Averments herein intentionally lack specificity in order to maintain the confidentiality required per the Agreed Protective Order dated October 16, 2017.

3

  e. Respondent failed to disclose an entire financial asset of substantial value as well as shares of stock referenced in a note to his wife but not disclosed on the financial affidavit.

  f. Respondent made material misrepresentation as to his alleged liabilities with regard to certain promissory notes for which no consideration was received.

  9. It is nearly impossible for the Minor Children to seek relief from this Court with respect to Respondent's failure to completely and truthfully comply with discovery in this matter without being allowed to bring to the Court's attention, via specific pleading allegations or attachments which demonstrate said violations or inconsistencies. In effect, Respondent can fail and refuse to fully and/or truthfully comply with discovery in this matter and then, when the issue is brought to the Court's attention, Respondent will complain that his due process rights are violated because he was not fully advised as to the specific allegations against him. Thus, Respondent will use the Agreed Protective Order as both a sword and a shield.

  10. Given that the Court has witnessed, as recently as August 6, 2018, the Respondent's propensity to misrepresent, misstate, and/or omit his financial information, Respondent should not be afforded the protections of a protective order.

  11. There is no prejudice to Respondent if the terms of the Confidentiality Order are vacated as to his respective finances. Respondent is not a public figure, he is not the holder of any proprietary information and/or intellectual property (patents, etc.) the disclosure of which would harm any financial interest of his if it were to enter the public realm.

  12. The October 16, 2018 order with respect to the finances of Respondent

4

makes it unduly burdensome on the Minor Children to defend and/or prosecute their claims against Respondent with respect to the setting and payment of proper support in this matter.

13. For the forgoing reasons, the Minor Children respectfully request that this Court vacate in part, or in the alternative modify in part, the Agreed Protective Order dated October 16, 2017 as it relates to the Respondent's financial information.

**WHEREFORE, YOUR MOVANT SEEKS THE FOLLOWING RELIEF:**

A. That the Court enter an order vacating in part, or in the alternative modifying in part, the Agreed Protective Order dated October 16, 2017 as it relates to the Respondent's financial information and allow full disclosure thereof; and

B. For such other and further relief as deemed just and equitable.

<u>COUNT II-</u>

<u>SANCTIONS FOR VIOLATION OF JUNE 14, 2018 ORDER</u>

14. The Minor Children re-state and re-allege the facts and allegations contained in paragraphs 1-13 above as if fully set forth in this paragraph 14 of Count II.

15. On or about August 10, 2018, Respondent filed his Response to the Minor Children's Emergency Petition for Interim and Prospective Attorneys Fees to Retain Immigration Counsel Pursuant to 750 ILCS 5/501(c-1), 750 ILCS 508(a), 750 ILCS 46/501, 750 ILCS 46/802, and 750 ILCS 5/503(g) (hereafter referred to as "Respondent's Response to Petition to Retain Immigration Counsel").

16. Respondent's Response to Petition to Retain Immigration Counsel attaches as Exhibit A, a copy of a letter from UK immigration officials to Petitioner and in reference to the three minor children.

5

17. Respondent's purposeful act of attaching said correspondence form the UK Immigration officials is violative of the June 14, 2018 order which specifically protects any and all documentation related to the Petitioner and the minor children's status in the UK and matters related thereto.

18. Further, the body of the Response is violative of the June 14, 2018 order as it is rife with references to the Petitioner and Minor Children's immigration status in the United Kingdom. As such, all such references to Respondent's Exhibit A (and any information contained therein which is referenced in the body of the pleading) should be stricken from the response.

19. Illinois Supreme Court Rule 137 states in relevant part:

**(a) Signature requirement/certification.** Every pleading, motion and other document of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading, motion, or other document and state his address. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit. *The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other document; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.* If a pleading, motion, or other document is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant. If a pleading, motion, or other document is signed in violation of this rule, the court, **upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of reasonable expenses incurred because of the filing of the pleading, motion or other document, including a reasonable attorney fee**. *(emphasis added)*

20. Certainly, Respondent was aware of the June 14, 2018 order and its prohibition on disclosure in the public record of documents relating to the Petitioner and the Minor Children's status in the UK. Despite being aware of said provisions, it can only

6

be assumed that the offending Exhibit was included in Respondent's response upon his instruction and at his behest.

21. Respondent's behavior and clear contempt for this Court's orders on discovery should not stand.

22. Given Respondent's propensity to repeatedly violate this Court's orders on discovery, the Court should not hesitate to exclude him from the protections of the October 16, 2017 protective order.

23. Pursuant to its authority as specified in Illinois Supreme Court Rules 137 and 219(c) this Court should sanction Respondent as follows:

a. Bar the Respondent from filing any pleadings relating to financial matters in this case;

b. Bar the Respondent from maintaining any claim, counter-claim, or defense relating to any financial matters in this case;

c. Bar the testimony of Respondent and/or any witness proffered by him with respect to any financial matters pending before this Court;

d. Strike all pleadings filed by Respondent which concern financial matters, claims and/or defenses and enter judgment as to those issues.

e. Enter a judgment by default as against Respondent and in favor of the Petitioner and the Minor Children with respect to all financial relief requested by them.

f. Assess a monetary fine in an amount of no less than $10,000.00 payable to the Petitioner on behalf of the minor children plus attorneys fees and costs for Respondent's violation of the June 14, 2018 order.

g. Strike **Exhibit A** from Respondent's Response to Petition to Retain Immigration

7

Counsel as well as all references to said Exhibit and the information gleaned therefrom which is contained in the body of the Response.

24. Respondent's continuous and on-going disregard and disrespect for this Honorable Court and the Rules regulating same should not be tolerated.

25. For the foregoing reasons, Respondent should be sanctioned in accordance with Illinois Supreme Court Rule 137 and 219(c) for his intentional violation of the June 14, 2018 order.

**WHEREFORE, YOUR MOVANT SEEKS THE FOLLOWING RELIEF:**

A. That the court issue the appropriate sanction against HARLOW NILES HIGINBOTHAM pursuant to Illinois Supreme Court Rule137 and Illinois Supreme Court Rule 219(c) including, without limitation, all sanctions listed in paragraph 23 above as well as payment of the attorneys' fees and costs incurred by the Minor Children in defense hereof for his intentional violation of the June 14, 2018 order ; and

B. For such other and further relief as deemed just and equitable.

RESPECTFULLY SUBMITTED:

Howard H. Rosenfeld,
Attorney for the Minor Children

**Rosenfeld Hafron Shapiro & Farmer, #59890**
**Attorney for Minor Children**
**221 N LaSalle St #1763**
**Chicago IL 60601**
**(312) 372-6058**

8

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

IN RE THE PARENTAGE OF

WIPAPORN TEEKHUNGAM
a/k/a Chiradthip Teekhungam,
Individually and on behalf of

███████████

Petitioners,

v.

HARLOW NILES HIGINBOTHAM,

Respondent.

No. 11 D 6475

Judge Eugene Cleveland Bernstein

OCT 16 2017

Circuit Court - 1883

### AGREED PROTECTIVE ORDER

This cause coming before the Court by agreement for entry of a Protective Order pursuant to Illinois Supreme Court Rule 201(c); both parties being represented by counsel, and the Court being fully advised in the premises;

**THE COURT DOES FIND:**

A. The Court has jurisdiction of the parties and the subject matter;

B. This Agreed Discovery Protective Order is entered pursuant to Supreme Court Rule 201(c)(1), and by agreement of the parties and their respective attorneys;

C. This Agreed Discovery Protective Order relates to the documents, and all information contained therein, which counsel for the parties will be receiving pursuant to discovery or subpoena, as well as to all oral testimony at deposition or at trial, relating to the parties' respective finances;

And, the court being advised in the premises:



1

**IT IS HEREBY ORDERED:**

The parties hereby agree to the following terms of confidentiality relative to any and all documents in connection with the action as specified in Paragraph C above, Case No. 2011 D 6475.

1. **Confidentiality: Definition and Scope.**

    A. Any and all documents relating to the parties' finances produced, disclosed, by or on behalf of either party, from their attorneys, agents, or from a third person or any entity through discovery, in connection with the pending action, whether pertaining to personal, financial, or business matters, in which either party has an interest related to the parties' finances (hereinafter called "Confidential Information"), shall be kept strictly confidential, subject to the terms of this Agreement.

    B. The term "Confidential Information" shall include any originals, copies, notes or transcripts of the documents described in the preceding subparagraph A and any information contained therein and derived therefrom, and any other documents, including notes, which contain any information obtained from such documents or information.

2. **Authorized Recipients of Confidential Information.**

    Confidential Information may be received, viewed, and utilized only by the following persons ("Recipients of Confidential Information") and only under the conditions set forth in paragraph 3 of this Agreement:

    A. Respondent and his attorneys (including support staff of the attorneys who are working on this matter) can receive, view and utilize all Confidential Information;

    B. Petitioner and her attorneys (including support staff of the attorneys who are working on this matter) can receive, view and utilize all Confidential Information;

    C. Non-party experts, consultants, and mediators (including their employees who assist them) who may be retained by the parties or attorneys or appointed by the Court to testify or assist in this matter can receive, view and utilize all Confidential Information;

    D. Court reporters, if necessary, to complete a transcript, can receive, view and utilize all Confidential Information; and

    E. Court personnel can receive, view and utilize all Confidential Information.

    F. All of the Recipients of Confidential Information set forth herein (A through E) may share it with persons in equivalent roles wherever located where litigation is

2

pending between the parties or involving their children, as well as with government ~~the Court of Minnesota~~ <ins>Dist</ins> personnel solely for purposes of or related to immigration and passport requirements. Both Petitioner and Respondent shall share a copy of this Court's Order before the Confidential <ins>Ray</ins> Information is shared with other lawyers, personnel or government officials of other <ins>Roy</ins> jurisdictions as referenced herein; in other jurisdictions the issue of confidentiality shall then be dealt with by the appropriate methodology pursuant to that jurisdictions laws as made and provided.

Except as otherwise provided in this Order, Recipients of Confidential Information shall not disclose or provide any Confidential Information to any other person or entity without the express written consent of both parties or approval of Court. The Recipients of Confidential Information in categories A through E shall not publish said specific information in any court filing without the express written consent of both parties or approval/leave of Court, but may summarize or reference said information without prior approval.

3.  Conditions.

All Recipients of Confidential Information over which this Court has jurisdiction, except for Court personnel, must agree to be bound by the terms of this Order before being permitted to receive, view, or utilize Confidential Information.

4.  Return of Confidential Information.

Upon the final termination of any litigation between the parties, all Recipients of Confidential Information:

A.  Shall continue to refrain from disclosure or utilization of any such Confidential Information; and

B.  Confidential Information retained by a parties' attorney shall be retained in a secure manner so as to avoid inadvertent disclosure or unauthorized access.

<ins>C. The Court Reserves the Right to Modify this Order on Proper Petition and *Jo-Anne Cleveland Bernstein*</ins>

3

OCT 16 2017

Circuit Court - 1683

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

#24

WIPAPORN TEEKHUNGAM )
a/k/a Chirathip Teekhungam, )
Individually and on behalf of )
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, Minors, )   No. 11 D 6475
)
Petitioners, )   Cal. 64
and )
)   Pg. 1 of 3
HARLOW NILES HIGINBOTHAM, )
)
Respondent. )

**ORDER**

This cause coming before the Court and pursuant to the Order entered on June 12, 2018, due notice having been given, the Court being fully advised in the premises and having jurisdiction over the parties and subject matter, and Counsel for both parties and the Guardian *ad Litem* being present:

THE COURT HEREBY ORDERS:

1.  On or before end of business on June 15, 2018, the Respondent, HARLOW NILES HIGINBOTHAM (hereinafter "HARLOW"), shall respond and/or tender documents to the following requests contained in in the First Notice to Produce Pursuant to Illinois Supreme Court Rule 214 served by the Petitioner, WIPAPORN TEEKHUGAM, on May 10, 2018 taking into account the following rulings decided by this Honorable Court regarding the HARLOW's Objections to the aforementioned Notice to Produce:

    a.  The time frame for responsive documents to Requests #1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 27, 30, and 31 shall be June 12, 2015 through date of production.

    b.  The time frame for responsive documents to Requests #17, 18, 20 shall be June 12, 2015 through date of production, except any documents related or involving


EXHIBIT "B"

any transfers between HARLOW and his spouse shall be produced dating back to January 1, 2009.

    c. In response to Request #1, HARLOW shall not have to produce any corporate minute books presently in his possession and/or control.

    d. In response to Request #2, HARLOW shall produce end of year paycheck and/or paystubs for the years 2015, 2016, and 2017 and all paychecks and/or paystubs received from January 1, 2018 through date of production.

    e. In response to Requests #7, 8, 9, any account statements for which HARLOW is serving as trustee shall be limited to his child born in 2017.

    f. In response to Request #13, HARLOW shall only be required to produce unprotected/non-privileged correspondence.

    g. In response to Request #16, HARLOW shall not be required to produce any charge cards maintained by HARLOW's spouse.

    h. In response to Request #19, HARLOW shall only be required to produce documents for vehicles currently in his possession and control.

    i. HARLOW shall not be required to respond to Request #28.

    j. In response to Request #29 and #30, HARLOW shall only be required to produce ~~request~~ *estate plan* documents related ~~to the est;~~ *to* the three (3) subject minor children of this present litigation, and his child born in 2017.

    2. The Agreed Protective Order entered on October 16, 2017, is hereby amended to include any and all past, present, and future discovery requests and actually produced documentation in this cause, related to the WIPAPORN and/or the three (3) subject minor children's immigration ~~situation.~~ *state in the UK and matters related thereto.*

2

3. This cause is continued to the previously scheduled hearing date of <u>June 22, 2018</u> at 12:00 p.m.

_____        _____
Attorney for Petitioner                                Attorney for Respondent

Agreed as to form only

ENTERED:


_____
JUDGE

Judge Jeanne Cleveland Bernstein

JUN 14 2018

Circuit Court - 1883

ALLEN & GLASSMAN, CHARTERED
Atty. For: Petitioner
Address: 150 N. Michigan, #3600
City/State/Zip: Chicago, IL 60601
Telephone: (312) 853-3000
Atty. No.: 37154

3