# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| HARLOW N. HIGINBOTHAM, | ) | Case No. 18 B 31185 |
| | ) | |
| Debtor. | ) | Hon. LaShonda A. Hunt |
| | ) | |
| | ) | Hearing Date & Time: |
| | ) | January 31, 2019 at 10:00 a.m. |

## NOTICE OF MOTION

TO:   See Attached Service List

**PLEASE TAKE NOTICE THAT** on January 31, 2019, at 10:00 a.m., I shall appear before the Honorable LaShonda A. Hunt, or any other judge sitting in her stead, in Room 719, United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, or any other Judge sitting in her place or stead, and request a hearing on the Debtor's Motion To Shorten Time Period For Filing of Applications for Interim Compensation And Reimbursement Of Expenses Of Professionals and Limiting Notice Thereof, a copy of which is herewith served upon you.

## CERTIFICATE OF SERVICE

I, the undersigned, an attorney, hereby state that pursuant to Section II, B, 4 of the Administrative Procedures for the Case Management/Electronic Case Filing System, I caused a copy of the foregoing NOTICE OF MOTION and MOTION to be served on all persons set forth on the attached Service List identified as Registrants through the Court's Electronic Notice for Registrants, and, as to all other persons on the attached Service List by transmitting a copy of same *via* email transmission, on the 24th day of January, 2019.

                                                    /s/ Gregory K. Stern
                                                    Gregory K. Stern

Gregory K. Stern (Atty. ID #6183380)
Monica C. O'Brien (Atty. ID #6216626)
Dennis E. Quaid (Atty. ID #2267012)
Rachel S. Sandler (Atty. ID #6310248)
53 West Jackson Boulevard
Suite 1442
Chicago, Illinois 60604
(312) 427-1558

## SERVICE LIST

**Registrants Served Through The Court's Electronic Notice For Registrants**

Patrick Layng, United States Trustee
219 South Dearborn Street
Suite 873
Chicago, Illinois 60604

Bradley S. Block
318 West Adams Street
17th Floor
Chicago, Illinois 60606

Deborah Ebner
William J. Factor
Jeffrey K. Paulsen
105 West Madison Street
Suite 1500
Chicago, Illinois 60602

Nathan Q. Rugg
Barack Ferrazzano Kirschbaum & Nagelberg LLP
200 West Madison Street
Suite 3900
Chicago, Illinois 60606

Shira R. Isenberg
Bianca E. Ciarroni
Freeborn & Peters LLP
311 South Wacker Drive
Suite 3000
Chicago, Illinois 60606

Sean T. Scott
Joshua R. Gross
Mayer Brown LLP
71 South Wacker Drive
Chicago, Illinois 60606

**Parties Served By U.S. Mail**

Harlow N. Higinbotham
1500 North Lake Shore Drive
Unit 13-C
Chicago, IL 60610

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| HARLOW N. HIGINBOTHAM, | ) | Case No. 18 B 31185 |
| | ) | |
| Debtor. | ) | Hon. LaShonda A. Hunt |
| | ) | |
| | ) | Hearing Date & Time: |
| | ) | January 31, 2019 at 10:00 a.m. |

**MOTION TO SHORTEN TIME PERIOD FOR FILING APPLICATIONS FOR
INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF RETAINED
PROFESSIONALS AND LIMITING NOTICE THEREOF**

**NOW COMES** Harlow N. Higinbotham, Debtor and Debtor in Possession, by and through his attorneys Gregory K. Stern, Monica C. O'Brien, Dennis E. Quaid and Rachel S. Sandler and in support of his Motion To Shorten Time Period For Filing of Applications for Interim Compensation And Reimbursement Of Expenses Of Retained Professionals and Limiting Notice Thereof, states as follows:

1. On November 5, 2018, the Debtor filed a Voluntary Petition for relief under Chapter 11 (the "**Petition**") of the Bankruptcy Code (the "**Code**").

2. The Debtor, as Debtor In Possession, has continued in possession of his property, pursuant to §§ 1107 and 1108, except that Neal H. Levin, Circuit Court Receiver has been excused from complying with 11 U.S.C. § 543(a) or (b); and, no committee, examiner or trustee has been appointed in this case.

3. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue lies properly in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4. The statutory predicates for the relief requested herein are §§ 105, 328, and 331 of the Code and Bankruptcy Rule 2016.

5. On December 13, 2018, the Court entered an Order Authorizing the Employment of Attorneys (Docket Item No. 41) wherein the Debtor was authorized to employ the services of Gregory K. Stern, Monica C. O'Brien, Dennis E. Quaid and Rachel S. Sandler (the "Attorneys") effective November 5, 2018, as attorneys for the Debtor as Debtor in Possession, with all compensation and reimbursement of expenses subject to further order of Court, and to pay Gregory K. Stern, P.C. a retainer in the amount of $25,000.00.

6. During the Chapter 11, the Debtor's principal efforts have involved, *inter alia*, fulfilling his duties as Debtor In Possession, investigating assets and liabilities, preparing Chapter 11 schedules and statement of financial affairs, representation at initial debtor interview, meeting of creditors and court appearance, stabilizing Debtor's financial and personal affairs, defending Support Creditors' Stay Relief Motion and liquidating assets to provide adequate protection.

7. The time expended by Debtor's counsel has been significant and caused by and in direct response to, *inter alia*, the Support Creditors' opposition to the Debtor's Chapter 11 filing and prosecution of Stay Relief Motion filed on November 9, 2018, just four (4) days after the filing of the Instant Chapter 11.

8. As of this date the Debtor's counsel have expended in excess of 169 hours of professional services having a reasonable value in excess of $82,000.00 as calculated in accordance with Counsel's hourly fee schedule.

9. By contrast and as further example of the extraordinary attorney fees and costs and related administrative costs associated with the instant Chapter 11 the Support Creditors attorneys, Rosenfeld/Farmer filed their Second Petition To Review And Approve Attorneys'

Fees & Costs (the "Second Fee Petition") and Allen & Glassman, Chartered filed their Petition For Attorneys' Fees And Costs And Contribution To Attorneys' Fees And Costs, Petition For Interim Bankruptcy Attorney's Fees And Costs And Motion For Order To Release Appellate Fees Previously Awarded in the Circuit Court case known as case number 11 D 6475, copies of which are attached hereto as Exhibit A and Exhibit B respectively and made a part hereof. The fees requested in Exhibit A and Exhibit B are as follows:

| Claimant | Time Period for Services Rendered | Amounts |
|---|---|---|
| Rosenfeld/Farmer | September 12, 2018 - January 11, 2019 | $85,667.24[1] |
| Allen & Glassman | Unspecified – Appellate Services | 10,247.41[2] |
|  | August 31, 2018 -December 31, 201 | 62,476.18 |
| Factor Law | Unspecified | 43,431.98[3] |
| Paul J. Bargiel P.C. | Unspecified – Appellate Services | 39,545.00 |

10. The Debtor requests the entry of an order authorizing the filing of interim applications for compensation and reimbursement of costs and expenses for all Court approved professionals retained by the Debtor (the "Professionals") every sixty (60) days, with notice limited to (a) the Office of the United States Trustee; (b) the Debtor; (c) all parties requesting notice in this Chapter 11 Case; and, (d) the Debtor's twenty largest unsecured creditors. In light of the nature of the relief requested, the Debtor submits that no further notice is required.

11. Section 331 of the Bankruptcy Code provides, in relevant part, as follows:

> A trustee, an examiner, a debtor's attorney, or any professional person employed every 120 days after an order for relief in a case under this title, or more often if the Court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title . . . 11 U.S.C. § 331.

12. Section 105(a) of the Bankruptcy Code provides, in relevant part, as follows:

---

[1] Payment for services other than appellate services is requested to be paid from 503g Trust originally established in the amount of $1,750,000.00 and having a balance of approximately $716,435.64 as reflected on Guardian Ad Litem's accounting of 503g funds attached hereto as Exhibit C and made a part hereof

[2] Payment for appellate services is to be paid from $125,000.00 on deposit in Paul J. Bargiel, P.C. previously paid by Debtor

[3] FactorLaw received payment of $7,500.00 retainer from Wipaporn Teekhungam in addition to amount sought in Exhibit B

> The court may issue any order, process, or judgment that is necessary for appropriate to carry out the provisions of this title. No provision of this title . . . shall be construed to preclude the Court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders of rules . . .   11 U.S.C. § 105(a)

13. Similar procedures for compensating and reimbursing Court approved professionals have been established in other chapter 11 cases in this and other districts.  See, e.g., *In re National Jockey Club*, Case No. 06-13247 (Bankr. N.D. Ill., February 8, 2007); (*In re Bachrach Clothing, Inc.*, Case No.  06-06525 (Bankr. N.D. Ill., July 6, 2006); *In re KL Industries, Inc.*, (Bankr. N.D. Ill. May 24, 2006) Case No. 06-04882; *In re Faber Brothers, Inc.*, Case No. 06-07852 (Bankr. N.D. Ill. August 21, 2006);  *In re Allied Products Corporation*, Case No. 00-28798 (Bankr. N.D. Ill. October 2, 2002); *In re Kmart Corporation, et al*, Case No. 02-02474 (Bankr. N.D. Ill, January 25, 2002); *In re Eagle Food Centers, Inc.*, Case No. 00-01311 (RPM) (D.Del. March 2, 2000); *In re Harnischfeger Indus., Inc.*, Case No. 99-02171 (PJW) (Bankr. D.Del. June 7, 1999); *Outboard Marine Corporation, et. al.,* Case No. 00-37405 (Bankr.N.D. Ill. December 22, 2000).

14. Such procedures are needed to avoid having the Chapter 11 professionals fund the reorganization case. See *In re Int'l Horizons, Inc.,* 10 B.R. 895, 897 (Bankr. N.D. Ga. 1981) (court established procedures for monthly interim compensations).  Appropriate factors to consider include "the size of [the] reorganization cases, the complexity of the issues included, and the time required on the part of the attorneys for the debtor in providing services necessary to achieve a successful reorganization of the debtor." Id. at 897.  The Debtor submits that the procedures sought herein are appropriate considering the above factors.

15. Notice of this Motion has been given to: (a) the Office of the United States Trustee; (b) the Debtor; (c) all parties requesting notice in this Chapter 11 Case.

**WHEREFORE**, Harlow N. Higinbotham, Debtor and Debtor in Possession herein, requests that the Court enter an order a) Authorizing the filing of interim applications for compensation and reimbursement of expenses for all Court approved professionals retained by the Debtor every sixty (60) days, b) Limiting notice to the Office of the United States Trustee; the Debtor; all parties requesting notice in this Chapter 11 Case; and, the Debtor's twenty largest unsecured creditors; and, c) For such other further relief as is just and proper.

        Harlow N. Higinbotham,


        By:       /s/ Gregory K. Stern
                  One of its Attorneys

Gregory K. Stern (Atty. ID #6183380)
Monica C. O'Brien (Atty. ID #6216626)
Dennis E. Quaid (Atty. ID #2267012)
Rachel S. Sandler (Atty. ID #6310248)
53 West Jackson Boulevard
Suite 1442
Chicago, Illinois 60604
(312) 427-1558