IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| HARLOW N. HIGINBOTHAM, | ) | Case No. 18 B 31185 |
| | ) | |
| Debtor. | ) | Hon. LaShonda A. Hunt |

**RESPONSE IN OPPOSITION TO MOTION OF WIPAPORN TEEKHUNGAM AND THE PARTIES' MINOR CHILDREN FOR AN EXTENSION OF TIME IN WHICH TO FILE REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**

NOW COMES Harlow N. Higinbotham, Debtor and Debtor in Possession, by and through his attorneys, Gregory K. Stern, Dennis E. Quaid, Monica C. O'Brien, and Rachel S. Sandler, and in support of his Response In Opposition To Motion Of Wipaporn Teekhungam And The Parties' Minor Children For an Extension of Time in Which to File Reply Brief in Support of Motion to Dismiss (the "Motion"), states as follows:

1. The Debtor objects and opposes the Support Creditors' request for additional time to file their Reply to the Motion to Dismiss as the Motion fails to state any legitimate basis for the extension request. Rather, the Motion relies on the fact that there exists outstanding discovery issued to both the Debtor and Susan Higinbotham that has not yet been responded to by the parties. The fact that there is discovery that has not yet been responded to is insufficient to warrant an extension, particularly in light of the extensive discovery and documents that have previously been produced to the Support Creditors during the state court litigation.

2. The Support Creditors made the strategic decision as to the timing for filing the Motion to Dismiss. To the extent that the Support Creditors did not have a basis or facts sufficient to support dismissal of this case, that request for relief should never have been filed. As this Court will recall, it was the Support Creditors that requested the briefing schedule be set even prior to the Motion to Dismiss presentment date, a

request that was not opposed by the Debtor, and they should be bound by the briefing schedule set by this Court.

3.      As evidenced by the detailed factual allegations and documents attached in support of the Motion to Dismiss, it is disingenuous of the Support Creditors to allege that this current set of discovery propounded on the Debtor will provide them with information and documents that have not already been previously produced.

4.      The Support Creditors' First Set of Discovery Propounded on Harlow Higinbotham in Connection with Motion to Dismiss (the "First Set of Discovery") is attached hereto as Exhibit A and made a part hereof.  These interrogatories and requests in the First Set of Discovery are extensive, overbroad, duplicative, partially irrelevant, unduly burdensome, vexatious and interposed for improper purpose and to increase the cost of litigation.  The Debtor highlights the following as examples thereof:

   (a)   request to identify all media used since January 1, 2008, all email addresses and private servers;
   (b)   request to identify all transfers made to Susan and certain trusts from January 1, 2000 to the filing of this case;
   (c)   request to identify all attorneys the Debtor has consulted since January 1, 2008 and all invoices during this same time period;
   (d)   request to produce all bank statements, brokerage statements from January 1, 2008 through the present;
   (e)   request to produce all interests in real property since 2000;
   (f)   request to produce all promissory notes with Susan and an accounting of payments to Susan; and,
   (g)   request to produce all 401(k) statements, IRA statements, financial statements and tax returns from January 1, 2008 to the present.

5.      On June 15, 2018, the Debtor produced voluminous documents to the Support Creditors in the Circuit Court Case contained in four (4) binders (the "Initial Document Production").  The four (4) binders of documents produced to the Support Creditors each contained a Table of Contents.  The Table(s) of Contents for the four (4) binders of documents identify the documents produced by the Debtor to the Support Creditors and are attached hereto as Exhibit B and made a part hereof.

6. Thereafter, the Debtor produced documents identified and set forth in the Supplemental Documentation of Harlow Niles Higinbotham Produced During Trial In August, 2018 Per Court Order (the "Supplemental Document Production"), a copy of which is attached hereto as Exhibit C and made a part hereof.

7. Most, if not all, of the documents that have been being requested of the Debtor in this case have previously been produced and provided to the Support Creditors in the Initial Document Production and the Supplemental Document Production.

8. The Debtor timely filed his Response to the Motion to Dismiss and the Support Creditors should not be entitled to raise new facts or advance new arguments in their Reply that they should have been raised their original pleading.

**WHEREFORE**, the Debtor, Harlow N. Higinbotham, prays for an order denying the Motion of Wipaporn Teekhungam's and the Parties Minor Children For Children For an Extension of Time in Which to File Reply Brief in Support of Motion to Dismiss the Case; and, for such other further relief as this Court deems just.

/s/ Monica C. O'Brien
Monica C. O'Brien, Attorney

Gregory K. Stern (Atty. ID #6183380)
Monica C. O'Brien (Atty. ID #6216626)
Dennis E. Quaid (Atty. ID #02267012)
Rachel S. Sandler (Atty. ID #6310248)
53 West Jackson Boulevard
Suite 1442
Chicago, Illinois 60604
(312) 427-1558

3