UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| In re: | Chapter 11 |
|---|---|
| **Harlow N. Higinbotham,** | Bankruptcy No. 18-31185 |
| Debtor. | Honorable LaShonda A. Hunt |

## NOTICE OF MOTION

**Please take notice** that, on **March 6, 2019, at 10:00 a.m.**, or as soon thereafter as counsel may be heard, the undersigned shall appear before the Honorable LaShonda A. Hunt, United States Bankruptcy Judge for the Northern District of Illinois, in Courtroom 719 of the United States Courthouse, at 219 South Dearborn Street, Chicago, Illinois, to present the **Motion of Michael Bender, as Guardian Ad Litem for Minor Children of Debtor, for Determination that Stay does not Apply or, in the alternative, Annulling the Automatic Stay**, a copy of which is included herewith and served upon you, at which time and place you may appear.

Dated: February 27, 2019

Michael Bender, GAL for **A.H**, a minor, **A.H.**, a minor, and **A.H.**, a minor

By: /s/ Adam Goodman
One of His Attorneys

Adam Goodman (6229333)
Goodman Tovrov Hardy & Johnson LLC
105 West Madison Street, Suite 1500
Chicago IL 60602
(312) 238-9592 (direct)
(312) 264-2535 (fax)
agoodman@goodtov.com

## CERTIFICATE OF SERVICE

Adam Goodman, an attorney, certify that on February 27, 2019, pursuant to Section II.B.4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused a copy of the foregoing *Notice of Motion* and the accompanying *Motion* to be served electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the Service List below and by private overnight mail to the Debtor.

/s/Adam Goodman

## SERVICE LIST

**Registrants**
(Service via ECF)

Bianca E. Ciarroni   bciarroni@freeborn.com, bkdocketing@freeborn.com
Michael K. Desmond   mdesmond@fslegal.com, dorisbay@fslegal.com
Deborah K. Ebner   dkebner@deborahebnerlaw.com, webmaster@debnertrustee.com, lizd@deborahebnerlaw.com
William J. Factor   wfactor@wfactorlaw.com, wfactorlaw@gmail.com, bharlow@wfactorlaw.com, wfactor@ecf.inforuptcy.com, wfactormyecfmail@gmail.com, factorwr43923@notify.bestcase.com
Shira R. Isenberg   sisenberg@freeborn.com, bkdocketing@freeborn.com. jhazdra@ecf.inforuptcy.com
Patrick S. Layng   USTPRegion11.ES.ECF@usdoj.gov
Jeffrey K. Paulsen   jpaulsen@wfactorlaw.com, bharlow@wfactorlaw.com, jpaulsen@ecf.inforuptcy.com
Nathan Q. Rugg   Nathan.Rugg@bfkn.com, jean.montgomery@bfkn.com
Gregory K. Stern   greg@gregstern.com, steve_horvath@ilnb.uscourts.gov

**Non-Registrants**
(Service via U.S. Mail)
Harlow N. Higinbotham
RD No. 2
2002 East Cass St.
Joliet IL 60432

Harlow N. Higinbotham
1500 N. Lake Shore Dr.
Unit 13-C
Chicago, IL 60610

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| **Harlow N. Higinbotham,** | Bankruptcy No. 18-31185 |
| Debtor. | Honorable LaShonda A. Hunt |

## MOTION OF GAL FOR DETERMINATION THAT STAY DOES NOT APPLY TO STATE COURT ORDER DIRECTING THE GAL TO SERVE A NOTICE OF WITHHOLDING ON DEBTOR'S EMPLOYER OR, IN THE ALTERNATIVE, TO ANNUL STAY SO THAT GAL CAN COMPLY WITH STATE COURT ORDER

After this Court partially lifted the automatic stay on January 11, 2019, to permit Wipaporn Teekunghan and the three minor children ("Children") born to Wipaporn and the Debtor to pursue sanctions and obtain other relief against the Debtor in the Circuit Court of Cook County, Michael Bender, the *Guardian Ad Litem* ("GAL") for the Children, counsel for Wipaporn, counsel for the Children, the Receiver the Divorce Court appointed (Neil Levin), and counsel for the Debtor, all appeared in the Divorce Court so Wipaporn could seek the relief that this Court authorized her to seek when it partially lifted the stay. The hearing before the Divorce Court occurred on January 29, 2019, before the Honorable Jeanne Cleveland Bernstein.

1.1. **Judge Bernstein *sua sponte* entered a wage deduction order for child support.**

The hearing before Judge Bernstein on January 29, 2019, resulted in various rulings that were memorialized in a handwritten order (the "***January 29 Order***", a copy of which is attached as Exhibit 1). Among other things, Judge Bernstein ordered the GAL to file and serve a withholding order for child support from the Debtor's employer. Thus, the January 29, 2019, order states that "GAL is directed

to issue a Notice of Withholding ("*NOW*") to Respondent's employer." *Id.* This order accurately reflected Judge Bernstein's oral rulings. See January 29, 2019 Transcript at 8:8-13, 18:4-7.

### 1.2. The Debtor has threatened sanctions if the GAL does not seek to have the order requiring the NOW stricken.

Upon learning of the January 29, 2019 Order, the Debtor's bankruptcy counsel issued a demand that the GAL file a motion before Judge Bernstein to strike the above language – i.e., the language directing the GAL to issue a NOW to the Debtor's employer – or else the Debtor would seek sanctions against the GAL for violating the stay. *See* Email attached as Exhibit 2.

Through this Motion, the GAL is asking this Court for an order stating that the stay does not prevent him from complying with Judge Bernstein's order.

### 1.3. Section 362(b)(2)(C) does not bar the NOW.

The Debtor's counsel's threat to hold the GAL in contempt for violating the automatic stay is misguided: the automatic stay does not prohibit a state court from issuing a Notice of Withholding. *See* 11 U.S.C. § 362(b)(2)(C). "Generally, §362(b)(2)(C) of the Bankruptcy Code permits the court-ordered withholding of a debtor's post-petition income for the payment of a domestic support obligation." *In re Cascone*, 572 B.R. 379, 382 (Bankr. M.D. Fla. 2017). "Section 362(b)(2)(C) provides:[ ] (b) The filing of a petition under section 301, 302, or 303 of this title, . . . does not operate as a stay--. . .(2) under subsection (a)--. . .(C) with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute." *Id.*

In *Cascone,* the debtor owed a substantial child support arrearage. His former spouse then filed an action to have him held in contempt by the state court that issued the support order, whereupon he countered with a chapter 7 filing. During

the pendency of the chapter 7 case, the state court entered an order directing the Debtor's employer to deduct $7000 per month from his salary, of which $4000 per month was for current support and $3000 per month was to be applied to "past-due support" in the amount of $42,300. Subsequent to the entry of the contempt order, the Debtor's ex-spouse filed a Motion for Income Deduction (the "*MID*") in the state court (on October 31, 2016), which was granted shortly thereafter (November 21, 2016). Subsequent to the entry of the Deduction Order, the Debtor filed a motion to convert his case to a chapter 11 proceeding, which was granted on January 10, 2017. On January 26, 2017, the Debtor filed a motion to enjoin the collection of past due child support from his wages, which he claimed were property of his bankruptcy estate under § 1115, arguing that the motion for contempt filed post-petition and the motion for entry of the deduction order (filed in the State court during the chapter 7 case) were void because of the automatic stay.

In rejecting the Debtor's request, the bankruptcy court conducted a detailed tour of §362(b)(2)(C) of the Bankruptcy Code, noting first of all that this provision "permits the court-ordered withholding of a Chapter 11 debtor's income for the payment of a domestic support obligation." *Cascone*, 572 B.R. at 381. Thus, by enacting §362(b)(2)(C), "'Congress sought to enable a DSO creditor to reach assets of the estate post-petition without having to seek relief from the stay.'" *Id.* (citing *In re Gonzalez*, 832 F.3d 1251, 1255 (11th Cir. 2016)). "'The purpose of this provision is to allow income withholding to be implemented or to continue after a Chapter 11, 12, or 13 petition is filed, just as it would if a Chapter 7 petition were filed.' 146 Cong. Rec. S11683-02 (daily ed. Dec. 7, 2000)(statement by Sen. Grassley)" (quoted in *Gonzalez*, 832 F.3d at 1254). Cascone, 572 B.R. at 381. *See also In re Gellington*, 363 B.R. 497, 502-03 (Bankr. N.D. Tex. 2007) (finding no violation of stay where wage garnishment was by Writ of Withholding); *In re Penaran*, 424 B.R. 868, 880 (Bankr. D. Kansas 2010) (holding that withholding the debtor's income was excepted from the stay because the child support obligation arose under a judicial

order); *In re Fort*, 412 B.R. 840, 849 (Bankr. W.D. Va. 2009) (Finding that a wage deduction order pursuant to a judicial order did not violate the automatic stay); *Peterson v. Peterson*, 410 B.R. 133, 134-35 (Bankr. D. Conn. 2009) (holding that the §362(b)(2)(C) exception applies to income whether the order was entered before or after the bankruptcy petition and that the exception did not apply to the marital residence).

Accordingly, it is respectfully requested that this Court enter an order stating that the stay does not prohibit Mr. Bender from complying with Judge Bernstein's order.

### 1.4. The child support payments from the 503(g) trust do not preclude a wage deduction order.

The fact that the Children have been receiving child support from the 503(g) trust does not preclude Judge Bernstein from exercising her discretion and entering a NOW with respect to future child support. Even without stay relief, Judge Bernstein has the right and discretion to direct the source and amount for the payment of child support, so long as the source is either non-estate assets [*see* §362(b)(2)(B)] or the Debtor's income [*see §*362(b)(2)(C)].

Judge Bernstein decided that the Debtor should be paying child support from his current income, as opposed to the 503(g) trust, and the Debtor did not object to such relief when he appeared, through counsel, at the January 29, 2019 hearing. Such relief is appropriate because the funds in the 503(g) trust are diminishing through the accrual of fees and other expenses, many of which have been necessitated by the scorched-earth litigation strategy the Debtor and his "estranged" spouse have elected to pursue.

### 1.5. If the stay does apply, it should be annulled so that the GAL can enforce the wage deduction order.

Section 362 provides that the stay can be lifted "for cause." It also "shall" be lifted when the stay is impairing a creditor's interest in property and the creditor is

not adequately protected. *See* 11 U.S.C. § 362(d)(1) (cause includes "the lack of adequate protection of an interest in property of such party in interest.").

If the stay applies to the NOW, it should be annulled on the grounds that the 503(g) trust is a diminishing asset due to the accrual of substantial attorneys' fees. As noted above, the Debtor and his spouse, Susan, have instigated a scorched earth campaign to make litigation as costly and difficult as possible. Judge Bernstein specifically found that the Debtor knew no limits as to the amount he would spend to deprive the Children of their rightful support, noting that "[w]hen asked if there was a limit to the amount of funds that he would spend litigating this case in order to preclude having to support his sons, he answered in the negative." Exhibit 3 at 13.

Accordingly, if the stay does apply, because the Children's interest in the 503(g) trust is diminishing, it is respectfully requested that this Court annul any stay imposed by § 362(a) so that the GAL can implement the January 29, 2019 order and serve a Notice of Withholding upon the Debtor's employer.

| | |
|---|---|
| Dated: February 27, 2019 | Michael Bender, GAL for **A.H**, a minor, **A.H.**, a minor, and **A.H.**, a minor |
| | By: /s/ Adam Goodman |
| | One of His Attorneys |

Adam Goodman (6229333)
Goodman Tovrov Hardy & Johnson LLC
105 West Madison Street, Suite 1500
Chicago IL 60602
(312) 238-9592 (direct)
(312) 264-2535 (fax)
agoodman@goodtov.com