**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| HARLOW N. HIGINBOTHAM, | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 18-31185 |
| Debtor. | ) | |
| | ) | Hon. LaShonda A. Hunt |
| | ) | |
| | ) | Hearing: May 15, 2019, at 10:00 a.m. |
| | ) | |

**NOTICE OF HEARING**

PLEASE TAKE NOTICE that on May 15, 2019 at 10:00 a.m., the undersigned shall appear before the Honorable LaShonda A. Hunt in Courtroom 719, or whomever may be sitting in her place and stead, at the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, 219 S. Dearborn Street, Chicago, Illinois and will then and there present the attached *Request for Payment of Administrative Expenses* a copy of which is attached hereto and herewith served upon you.

Dated: April 24, 2019

**NEAL H. LEVIN, NOT INDIVIDUALLY BUT SOLELY AS THE STATE-COURT APPOINTED RECEIVER OF THE ESTATE OF HARLOW NILES HIGINBOTHAM**

By:    /s/ Shira R. Isenberg
       One of His Attorneys

Shira R. Isenberg
Freeborn & Peters LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606-6677
Telephone: (312) 360-6000
Facsimile: (312) 360-6520
sisenberg@freeborn.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| HARLOW N. HIGINBOTHAM, | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 18-31185 |
| Debtor. | ) | |
| | ) | Hon. LaShonda A. Hunt |
| | ) | |
| | ) | Hearing: May 15, 2019, at 10:00 a.m. |
| | ) | |

**CERTIFICATE OF SERVICE**

I, Shira R. Isenberg, an attorney, hereby certify that on April 24, 2019, I caused a true and correct copy of the foregoing *Notice of Hearing* and *Request for Payment of Administrative Expenses* to be filed electronically with the Court and served upon the following parties by the manners listed.


      /s/ Shira R. Isenberg    

**CM/ECF Service List**

| | |
|---|---|
| Bradley Block | brad.block@bradblocklaw.com |
| Deborah K Ebner | dkebner@deborahebnerlaw.com |
| William J Factor | wfactor@wfactorlaw.com |
| Adam B Goodman | adam@thegoodmanlawoffices.com |
| Joshua Gross | jgross@mayerbrown.com |
| Patrick S Layng | USTPRegion11.ES.ECF@usdoj.gov |
| Jeffrey K. Paulsen | jpaulsen@wfactorlaw.com, |
| N. Neville Reid | nreid@foxswibel.com |
| Nathan Q. Rugg | Nathan.Rugg@bfkn.com |
| Sean T Scott | stscott@mayerbrown.com |
| Gregory K Stern | greg@gregstern.com |
| David Wentzel | dwentzel@wentzellaw.com |
| Brian Wilson | bwilson@foxswibel.com |
| Stephen G Wolfe | steve.g.wolfe@usdoj.gov |

**U.S. Mail Service List**

Harlow N Higinbotham
RD No. 2
2002 East Cass Street
Joliet, IL 60432

1500 Lake Shore Drive Building Corp.
1500 North Lake Shore Drive
Chicago, IL 60610

American Express
P.O. Box 981537
El Paso, TX 79998

American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern PA 19355-0701

Beermann LLP
c/o N. Neville Reid Fox Swibel
Levin & Carroll
200 W. Madison Street, Suite 3000
Chicago, IL 60606

Beermann LLP
161 North Clark Street
Suite 3000
Chicago, IL 60601

Casale Reporting Service, Inc.
33 North Dearborn Street
Suite 1506
Chicago, IL 60602

Chase Card
P.O. Box 15298
Wilmington, DE 19850

Citicards
P.O. Box 6241
Sioux Falls, SD 57117

Cook County Treasurer
118 North Clark Street
Suite 112
Chicago, IL 60602

Discover Bank
Discover Products Inc
PO Box 3025
New Albany, OH 43054-3025

Discover Financial Services LLC
P.O. Box 15316
Wilmington, DE 19850

E.D. Higinbotham Trust
1500 North Lake Shore Drive
Unit 13-C
Chicago, IL 60610

Fox Rothschild LLP
Prince Altee Thomas
2000 Market St. 20th FL.
Philadelphia, PA 19130

Gemma Allen & Allen & Glassman,
successor to Ladde
150 N. Michigan Ave., #3600
Chicago, IL 60601

H.N. Higinbotham Trust
1500 North Lake Shore Drive
Unit 13-C
Chicago, IL 60610

Howard H. Rosenfeld
Rosenfeld Hafron Shapiro & Farmer
221 North LaSalle Street
Suite 1743
Chicago, IL 60601

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101

McDermott Will & Emery
444 West Lake Street
Suite 4000
Chicago, IL 60606

Michael Bender
Trustee/fundholder of 503g Trust
150 North Michigan, Suite 2800
Chicago, IL 60601

Michael Ian Bender
70 West Madison Street
Suite 2222
Chicago, IL 60602

National Financial Services LLC
71 S. Wacker Drive
Chicago, IL 60606

Northern Trust Securities, Inc.
c/o Nathan Q. Rugg
Barack Ferrazzano Kirschbaum &
Nagelberg
200 West Madison Street, Suite 3900
Chicago, Illinois 60606

Sean T. Scott
71 S. Wacker Drive
United States
Chicago, IL 60606

Shawn D. Bersson
Katz & Stefani
222 North LaSalle Street
Suite 2150
Chicago, IL 60601

Susan Higinbotham
RD 2
2002 Cass Street
Joliet, IL 60432

Susan S. Higinbotham
RD No. 2
2002 East Cass Street
Joliet, IL 60432

Tilleke & Gibbins
1011 Rama 3 Road
Chongnonsi, Yannawa
Bangkok, Thailand 10120

Wentzel Law Offices
77 West Washington Street
Suite 2100
Chicago, IL 60602

Will County Treasurer, Pat McGuire
302 North Chicago Street
Joliet, IL 60432-4695

Wipaporn Teekhungam
c/o Gema Allen
Allen & Glasman, Chrtd.
150 North Michigan Avenue, Suite 3600
Chicago, IL 60601

Wipaporn Teekhungam and Winton
Anthony Perry
C/O Michael Reed of Gibson & Co.
Solicitors
77-87 West Road, Newcastle upon Tyne
United Kingdom
NE15 6PR

Wipaporn Teekungham and her three 10
year old sons
c/o Gemma Allen
Allen & Glassman, Chtd.
150 North Michigan Avenue, Suite 3600
Chicago, IL 60601

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| HARLOW N. HIGINBOTHAM, ) | Chapter 11 |
| ) | |
| ) | Case No. 18-31185 |
| Debtor. ) | |
| ) | Hon. LaShonda A. Hunt |
| ) | |
| ) | Hearing: May 15, 2019, at 10:00 a.m. |
| ) | |

### REQUEST FOR PAYMENT OF ADMINISTRATIVE EXPENSES

Neal H. Levin, not individually but solely as the duly appointed Receiver (the "*Receiver*") in the pending parentage case in the Circuit Court of Cook County (the "*Circuit Court*"), Case No. 11 D 6475 and a party-in-interest in the above-captioned chapter 11 case of Harlow N. Higinbotham (the "*Debtor*"), by and through his undersigned counsel, hereby submits his request for payment of administrative expenses (the "*Request*"). In support of his Request, the Receiver states as follows:

### BACKGROUND

1. On November 5, 2018, the Debtor filed a voluntary petition for relief pursuant to chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*"). The Debtor has continued in possession of his property and has managed his personal and business affairs as debtor-in-possession pursuant to section 1107 and 1108 of the Bankruptcy Code, with the exception that the Receiver has been excused from complying with sections 543(a) and (b) of the Bankruptcy Code. No trustee, examiner or committee has been appointed in this case.

2. On December 4, 2018, the Court entered an interim order (Doc. No. 29) on the motion for relief from stay filed by Wipaporn Teekhungan and her minor children, holding that "the automatic stay is modified to permit the Receiver to seek entry and enforcement of an order approving his fees and costs as previously [approved] by the Circuit Court of Cook County,

1

including by applying the retainer he is holding to approved fees and costs." Pursuant to that order, the Court also found that the Receiver was excused from complying with section 543 of the Bankruptcy Code and that "[t]he section 503(g) trust established pursuant to the order of the Circuit Court of Cook County dated August 14, 2018, is not property of the Debtor's bankruptcy estate."

3. Pursuant to that order, the Receiver obtained entry by the Circuit Court of an order approving his fees and expenses incurred in the case through September 20, 2018 and he applied the retainer he was holding to the approved fees and expenses.

4. On February 27, 2019, the Receiver filed his *Second Fee Application of Neal H. Levin, as Receiver of the Estate of Harlow Niles Higinbotham* (the "*Second Fee App*") in the Circuit Court. A copy of that fee application (redacted to remove the names of the minor children and any other identifying information) is attached hereto as Exhibit 1.

5. In the Second Fee App, the Receiver sought approval of his fees and expenses from September 21, 2018 through January 31, 2019. The Receiver indicated in the Second Fee App that the retainer he held was not sufficient to cover all the requested fees and expenses. Accordingly, the Receiver sought an additional $60,000 from the 503(g) trust (previously determined to not be property of the estate) to pay the fees and expenses that would not be covered by the retainer and to be an additional retainer for subsequent fees and expenses incurred by the Receiver.

6. On April 10, 2019, the Circuit Court entered an order approving the Receiver's Second Fee App. However, because the amounts held in the 503(g) trust have been dwindling and the Circuit Court wishes to preserve any remaining amounts to be used for the benefit of the minor children, the Circuit Court would not permit the Receiver to obtain the payment of the $60,000 from the 503(g) trust. Instead, the Circuit Court told the Receiver that the Debtor should pay that amount directly. A copy of the April 10, 2019 order (redacted to remove the

names of the minor children and any other identifying information) is attached hereto as <u>Exhibit 2</u>.

7.     The $60,000 amount the Receiver seeks to have paid consists of: (a) $9,208.91 to be applied to incurred and approved fees and expenses; and (b) $50,791.09 as an additional retainer. Based on the services the Receiver is providing in this case as well as to the Circuit Court in that case, the additional retainer is reasonable and necessary.

## THE RECEIVER'S CLAIM

8.     The Receiver seeks approval of an administrative expense claim in the amount of $60,000.00. $9,208.91 of this amount consists of incurred and approved fees that were not objected to by the Debtor. The remaining $50,791.09 consists of an additional retainer to compensate the Receiver for additional fees and expenses.[1] This amount was also not objected to by the Debtor in the Circuit Court case.

## THE RECEIVER'S CLAIM IS ENTITLED TO ADMINISTRATIVE EXPENSE PRIORITY

9.     Section 503(b)(1)(A) of the Bankruptcy Code provides for administrative expense status for "the actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1)(A).

10.     Courts have held that "a claim will be afforded priority under § 503 if the debt both (1) arises from a transaction with the debtor-in-possession and (2) is beneficial to the debtor-in-possession in the operation of the business." *In re Jartran, Inc.*, 732 F.2d 584, 587 (7th Cir. 1984) (internal quotation marks omitted) (citation omitted). In *Reading Co. v. Brown*, 391 U.S. 471 (1968), the Supreme Court held that the "actual and necessary costs" include "costs ordinarily incident to operation of a business." *Id.* at 483.

---

[1] As of the date hereof, the Receiver has incurred fees and expenses in the approximate amount of $30,000.00 (this is over the amount sought in the Second Fee App). The Receiver also expects to incur additional fees as this case and the Circuit Court case continue.

11.     Pursuant to section 543 of the Bankruptcy Code, a custodian holding property of the estate is required to deliver the property to the debtor. *See* 11 U.S.C. § 543(b). However, section 543(d) permits the bankruptcy court to excuse compliance "if the interests of creditors . . . would be better served by permitting a custodian to continue in possession, custody or control of such property." 11 U.S.C. § 543(d).

12.     In fact, the major creditors in this case (Wipaporn Teekhungan and the minor children) specifically requested that this Court excuse the Receiver's compliance with section 543(b) of the Bankruptcy Code because "the interests of creditors are better served if the [R]eceiver retains possession, custody, or control of the Debtor's property and makes the distributions authorized by the state court." *Motion of Wipaporn Teekhungan and the Parties' Minor Children for Relief From Stay and Motion To Excuse the Receiver's Compliance with § 543* (Doc. No. 10).

13.     Accordingly, the Court entered the December 4, 2018 order that, among other things, excused the Receiver's compliance with section 543(b) of the Bankruptcy Code. And since then, the Receiver has been serving all parties in this case, including the creditors.

14.     For example, the Receiver clearly provided a significant benefit to the Debtor's estate by acting as custodian with respect to the adequate protection payments paid by the Debtor with respect to Wipaporn Teekhungam and the minor children. The Receiver has also interfaced with many of the Debtor's financial institutions and continued to work with them to transfer and/or liquidate the Debtor's funds as necessary in this case and in the Circuit Court case and to ensure that the Debtor's assets were properly maintained and liquidated. As Wipaporn Teekhungam and the minor children remarked in their motion for relief from stay, "[t]he state court appointed the [R]eceiver in the first place because the Debtor refused to comply with an order requiring him to put $1.75 million in a trust for Teekhungam and the children. There is no indication that the Debtor will act any differently here." Doc. No. 10. In addition to ensuring the

4

Debtor has not improperly liquidated any of his assets, the Receiver has also acted in a monitoring role, per her directive from the Circuit Court.

15. In addition, the Receiver continues to be involved in the Circuit Court case. As the Court should recall, the Receiver was appointed by the Circuit Court to take custody of the Debtor's assets following his refusal to initially fund the 503(g) trust, which was necessary to ensure that the minor children were receiving adequate support and that the attorneys representing Wipaporn Teekhungam, the minor children and the guardian-ad-litem were being paid for their services. Almost immediately upon his appointment, the Receiver secured the $1,750,000 that the Circuit Court ordered be paid to the guardian-ad-litem for the 503(g) trust. Given the Debtor's continued litigious behavior with respect to the appeal of the state court judgment, the Receiver may also be required to take control of the Debtor's assets to ensure the judgment is funded post-appeal.

16. Accordingly, the services provided by the Receiver greatly benefited the Debtor's estate. Because of the benefit the Receiver provided to the Debtor's estate, the Receiver is entitled to an administrative expense claim for $60,000.00.

## **CONCLUSION**

The Receiver therefore seeks an order of the Court: (1) approving the Receiver's claim in the amount of $60,000.00 as an administrative expense claim pursuant to section 503(b)(1)(A) of the Bankruptcy Code; and (2) granting such other and further relief as is just and proper.

Dated: April 24, 2019

        **NEAL H. LEVIN, NOT INDIVIDUALLY BUT SOLELY AS THE STATE-COURT APPOINTED RECEIVER OF THE ESTATE OF HARLOW NILES HIGINBOTHAM**

        By:   /s/ Shira R. Isenberg
             One of His Attorneys

        Shira R. Isenberg
        Freeborn & Peters LLP
        311 South Wacker Drive, Suite 3000
        Chicago, Illinois 60606
        Telephone: (312) 360-6000
        Facsimile: (312) 360-6520
        sisenberg@freeborn.com