IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 18-31185 |
| | ) | |
| HARLOW HIGINBOTHAM, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Honorable LaShonda Hunt |

**SUSAN HIGINBOTHAM'S RESPONSE TO NFS'S MOTION FOR ORDER
CONFIRMING THAT AUTOMATIC STAY DOES NOT APPLY**

Susan Higinbotham, for her Response to the Motion of National Financial Services, LLC. ("NFS") for Order Confirming the Automatic Stay Does not Apply to, or in the Alternative, Granting Relief from the Automatic Stay and Authorizing, the Exercise of Closeout and Setoff Rights Relating to Certain Securities Contracts and Margin Loans with the Debtor (the "Motion for Order Confirming that Automatic Stay does not Apply"), states as follows:

**The Automatic Stay Applies To NFS's Proposed Setoff**

NFS's Motion essentially argues that (a) it is entitled under its agreement with Harlow Higinbotham (the "Debtor") to set off the margin loan, and (b) Section 362(b)(6) provides an exception to the Automatic Stay because NFS is a stockbroker and this involves a securities contract. However, the exception to the automatic stay contained in Section 362(b)(6) is not as broad as NFS implies. In *In re Amcor Funding Corporation*, 117 B.R. 549 (Bankr. D. Az. 1990), Drexel Burnham Lambert, Inc. ("Drexel") attempted to set off the debtor's margin loan because Drexel itself was in bankruptcy. The Court held that the automatic stay applied to and prohibited this proposed setoff because Drexel's reason for seeking to set off did not fit within the statutory parameters. In particular, the Court stated:

> The Court holds that 11 U.S.C. § 555 does not provide a safe harbor for Drexel under these facts. Drexel's insolvency is plainly not a "condition of the kind specified in § 365(e)(1)." Each of the three § 365(e)(1) conditions are premised on

the debtor's, in this case, Amcor's, insolvency. **<u>Drexel argues that its contract with Amcor permits it to liquidate for *any* reason</u>**, and that this broad language encompasses reasons triggered by § 365(e)(1). **<u>Such contract language, however, does not entitle Drexel to liquidate for any reason in disregard of the automatic stay. Drexel may liquidate without constraint by the automatic stay only if it is *in fact* doing so for one of the three reasons set forth in § 365(e)(1), or if some other exception applies.</u>**

117 B.R. at 551 (emphasis added). Section 365(e)(1) describes *ipso facto* bankruptcy/insolvency default clauses. The *Amcor Funding* Court followed this holding with a review of the legislative history of Section 362(b)(6), which confirmed its conclusion. 117 B.R. 551-52.

NFS's Motion does not disclose its reasons for wanting to set off the margin loan—it simply argues that NFS has the contractual right to do so. Given that NFS has an equity cushion of over 100% (its loan is approximately $5.5 million, but the value in the securities in the account is approximately $11.5 million), and the ratio of the loan to the securities' value is within margin (*i.e.,* this is not a margin call), it seems doubtful that the Debtor's bankruptcy or insolvency is the real reason that NFS wants to act. Nevertheless, even if NFS subsequently purports to provide a reason for its proposed set off the margin loan, NFS's motive is a question of fact requiring discovery and then an evidentiary hearing.

### NFS Should Not Be Permitted To Modify The Automatic Stay

Based on the discussion at the Court's hearing on April 10, 2019, Ms. Higinbotham understood that responses to NFS's Motion were to address only the issue of whether the Automatic Stay applies to the proposed setoff (although the Court's written order does not contain this restriction). Given NFS's $6 million/100% equity cushion, Ms. Higinbotham does not believe that NFS can meet the standards necessary to obtain relief from the Automatic Stay; if the Court ultimately does consider NFS's request to modify the Automatic Stay, Ms. Higinbotham requests that all parties have an opportunity to submit further briefing on this issue.

WHEREFORE, Susan Higinbotham respectfully requests that this Court deny NFS's Motion for Order Confirming the Automatic Stay does not Apply, and grant such further relief as this Court deems proper.

SUSAN HIGINBOTHAM

Date: May 1, 2019            By: __/s/ Bradley Block_____
                                  One of her Attorneys

Bradley S. Block
Law Offices of Bradley Block
318 West Adams Street
17th Floor
Chicago, IL 60606
224-533-1075
224-533-1076 (fax)
brad.block@bradblocklaw.com

# CERTIFICATE OF SERVICE

I, Bradley Block, an attorney, certify that I served a copy of the foregoing Susan Higinbotham's Response to NFS Motion for Order Confirming that Automatic Stay does not Apply on the persons listed below by either (a) filing same with the Court's ECF filing system, thereby causing electronic service, or (b) if indicated, by email, on May 1, 2019.

           /s/ Bradley Block_____
           Bradley Block

Service List:

| | |
|---|---|
| Bianca E. Ciarroni<br>Shira R. Isenberg<br>Freeborn Peters LLP<br>311 South Wacker Drive<br>Suite 3000<br>Chicago, IL 60606<br>312-360-6000<br>bciarroni@freeborn.com<br>sisenberg@freeborn.com | Deborah K. Ebner<br>Law office of Debora Kanner Ebner<br>P.O. Box 929<br>Glenview, IL 60025<br>312-922-3838<br>dkebner@deborahebnerlaw.com |
| Jeffrey K. Paulsen<br>William Factor<br>The Law Office of William J. Factor, Ltd.<br>1363 Shermer Road<br>Suite 224<br>Northbrook, IL 60062<br>847-239-7248<br>wfactor@factorlaw.com<br>jpaulsen@factorlaw.com | Nathan Rugg<br>Barack Ferrazzano Kirschbaum & Nagelberg<br>200 West Madison Street<br>Suite 3900<br>Chicago, IL 60606<br>312-984-3172<br>Nathan.rugg@bfkn.com |
| Gregory K. Stern<br>Gregory K. Stern, P.C.<br>53 West Jackson Blvd.<br>Suite 1442<br>Chicago, IL 60604<br>312-427-1558<br>greg@gregstern.com | Stephen G. Wolfe<br>Office of the U.S. Trustee<br>219 South Dearborn Street<br>Room 873<br>Chicago, IL 60604<br>312-886-7480<br>Steve.g.wolfe@usdoj.gov<br>ustpregion11.es.ecf@usdog.gov |
| Joshua Gross<br>Sean T. Scott<br>Mayer Brown LLP<br>71 South Wacker Drive<br>Chicago, IL 60606<br>312-701-8771<br>jgross@mayerbrown.com<br>sts@mayerbrown.com | N. Neville Reed<br>200 West Madison Street<br>Suite 3000<br>Chicago, IL 60606<br>312-224-1200<br>nreid@foxswibel.com |

| | |
|---|---|
| Michael DiDomenico<br>Sean Hamann<br>Lake Toback DeDomenico<br>33 North Dearborn Street<br>Suite 1720<br>Chicago, IL 60602<br>mdidomenico@laketoback.com<br>shamann@laketoback.com<br>\*\*Served via email | Adam Goodman<br>Goodman Tovrov Hardy & Johnson<br>105 West Madison Street<br>Suite 1500<br>Chicago, IL 60602<br>adam@thegoodmanlawoffices.com<br>agoodman@goodtov.com |
| David Wentzel<br>Wentzel Law Offices<br>77 West Washington Street<br>Suite 2100<br>Chicago, IL 60602<br>dwentzel@wentzellaw.com<br>\*\*Served via email | Brian Wilson<br>Fox, Swibel, Levin Carrill, LLP<br>200 West Madison Street<br>Suite 3000<br>Chicago, IL 60606<br>bwilson@foxswibel.com |