# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Harlow N. Higinbotham, | ) | Case No. 18-31185 |
| | ) | |
| Debtor. | ) | Hon. LaShonda A. Hunt |

### REPLY OF NATIONAL FINANCIAL SERVICES LLC IN SUPPORT OF MOTION FOR ORDER CONFIRMING THAT AUTOMATIC STAY DOES NOT APPLY

National Financial Services LLC, by and through its undersigned counsel, hereby files this Reply in support of its Motion.[1]  In its Motion, NFS asks the Court to apply the plain meaning of Section 362(b)(6) of the Bankruptcy Code and enter an order confirming that the automatic stay does not preclude NFS from exercising any closeout rights as to securities owned by the Debtor and Susan Higinbotham.  In the alternative, NFS seeks relief from the automatic stay to permit the exercise of its closeout rights.  The Debtor has not opposed the relief sought in the Motion.  Only Mrs. Higinbotham, despite the fact that she is a non-debtor who contractually agreed to those closeout rights, has opposed the Motion.  Because Mrs. Higinbotham is not entitled to the automatic stay's protections, and the stay exception of Section 362(b)(6) applies on its face, this Court should grant the relief requested in the Motion.

### REPLY

### Mrs. Higinbotham Is Not Protected By The Automatic Stay

As a non-debtor, Mrs. Higinbotham should not be entitled to argue the stay applies, particularly with respect to property already claimed to be exempt and as to which she specifically agreed in the 2008 Margin Agreement to grant NFS broad closeout rights.  The provisions of Section 362 protect the debtor and property of the estate, but "[t]hey do not protect anyone or

---

[1] Capitalized terms used but not defined herein have the meanings set forth in the Motion.

anything else." *In re Caesars Entm't Operating Co., Inc.*, 540 B.R. 637, 642 (Bankr. N.D. Ill. 2015). As a result, Mrs. Higinbotham lacks standing to challenge the Motion. *See Matter of James Wilson Assocs.*, 965 F.2d 160, 168 (7th Cir. 1992) ("To have standing to invoke a statute you must be one of the persons whom the statute is intended to protect."); *see also In re Brown*, 507 B.R. 31 (B.A.P. 6th Cir. 2014) (holding, on appeal, that non-debtor spouse lacked standing to challenge stay relief). Moreover, as a signatory and obligor under the 2008 Margin Account Agreement, Mrs. Higinbotham granted NFS the absolute right to exercise closeout rights in its sole discretion. *See* 2008 Margin Agreement, at ¶ 5.

### The Automatic Stay Does Not Apply To NFS's Closeout Rights

Mrs. Higinbotham does not dispute that Section 362(b)(6), on its face, applies. Nor could she. As set forth in the Motion, Section 362(b)(6) specifically protects broker dealers like NFS. Instead, Mrs. Higinbotham relies on a misreading of a single case that, contrary to her assertions, **actually supports** the relief requested in the Motion.

In *Amcor Funding*, the court discussed two separate provisions of the Bankruptcy Code that pertain to the closeout of securities held in margin accounts—Section 362(b)(6) and Section 555. *In re Amcor Funding Corp.*, 117 B.R. 549, 551-52 (D. Ariz. 1990). The *ipso facto* provisions of Section 365(e)(1) discussed by Mrs. Higinbotham come into play only in the context of Section 555. *See* 11 U.S.C. § 555 ("The exercise of a contractual right of a stockbroker . . . to cause the liquidation of a securities contract . . . because of a condition of the kind specified in section 365(e)(1) of this title shall not be stayed[.]").[2] In contrast, Section 362(b)(6), the provision NFS

---

[2]Section 555 merely provides a securities contract exception to the general rule that *ipso facto* provisions are unenforceable in bankruptcy; it does not preclude exercise of closeout rights on bases other than those specified in Section 365(e)(1), and it certainly does not expand the scope of the automatic stay to non-debtors. Regardless, NFS is not relying on an *ipso facto* provision, it is relying on the provisions in the 2008 Margin Agreement allowing NFS to exercise its closeout provisions for any reason whatsoever. Mrs. Higinbotham is a party to the 2008 Margin

relies on in its Motion, says nothing about Section 365(e)(1), so Mrs. Higinbotham's references to Section 555 are irrelevant.

Further, the discussion in *Amcor Funding* makes clear exactly why NFS and parties like it are free to close out margin accounts without running afoul of the automatic stay. As the court noted, "section 362(b)(6) was enacted to ensure that brokers and clearinghouses could immediately protect themselves and the market by rapidly closing out open positions upon the happening of a customer insolvency." *Amcor Funding*, 117 B.R. at 551. The court described Section 362(b)(6) as a "shield" designed to protect clearinghouses and brokers from "the sudden adverse effects" that could arise out of a customer's insolvency, but such closeout rights are not only limited to those circumstances. *Id.* at 553. The court in *Amcor Funding* did indicate that Section 362(b)(6) was inapplicable in the unusual factual circumstances of that case, where the broker at issue premised its exercise of closeout rights **solely on its own insolvency**, and not on the customer's insolvency or for an existing margin loan. *Id.* Here, NFS seeks confirmation that it can exercise closeout rights simply as agreed under the contract, which is exactly what Section 362 was designed to permit.

Mrs. Higinbotham also seeks to impose a subjective motive requirement under Section 362(b)(6), where no such requirement exists. As discussed in the Motion, the only requirements for invoking the clearing exception to the automatic stay relate to the objective legal relationship between the creditor and debtor. *See* 11 U.S.C. § 362(b)(6). Those elements are all established here: (1) NFS is a "stockbroker," (2) the Debtor is its "customer," (3) the 2008 Margin Agreement

---

Agreement, and agreed to those closeout provisions. If she did not want to be subject to NFS's unilateral closeout rights, she should not have agreed to them in the 2008 Margin Agreement. She cannot now take advantage of the Debtor's bankruptcy to enlarge her own rights at the expense of NFS and NTSI.

3

is a "securities contract," and (4) the closeout rights constitute a "set off" of NFS's claim against the Debtor. No further showing is needed to establish that Section 362(b)(6) applies.[3]

## CONCLUSION

For the foregoing reasons, NFS respectfully requests that this Court enter an order (i) confirming that the filing of the Debtor's bankruptcy petition does not operate as a stay of any action by NFS and/or NTSI to close out the Debtor's margin loans or to set off the proceeds thereof against amounts due and owing NFS; (ii) in the alternative, providing that, to the extent the automatic stay is applicable, NFS and NTSI are granted relief from the automatic stay, and are authorized to foreclose upon the Collateral and to apply the proceeds against the margin loans; and (iii) granting such other relief as is just and proper under the circumstances.

Dated: May 8, 2019

Respectfully Submitted,

**NATIONAL FINANCIAL SERVICES LLC**

By: /s/  Sean T. Scott
        One of its Attorneys

Sean T. Scott
Joshua Gross
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 782-0600
Facsimile:  (312) 701-7711

---

[3] Mrs. Higinbotham's alternative argument that NFS has failed to establish cause for stay relief is similarly without merit.  Mrs. Higinbotham's sole argument is based on the assumption that NFS is not entitled to stay relief if it has a sufficient equity cushion supporting its claim.  This is, simply put, not the law.  As discussed in NFS's Motion, lack of an equity cushion is one basis for granting stay relief under Section 362(d)(1), but it is not the only one.  *See In re Bivens*, 317 B.R. 755, 770 (Bankr. N.D. Ill. 2004).  Where, like here, there is a risk that the value of the movant's security will decline, the debtor must set forth a plan to protect that value and demonstrate that the movant is adequately protected in order to avoid stay relief.  *Id.*; *see In re Parks*, 193 B.R. 361, 367 (Bankr. N.D. Ala. 1995).  The Debtor has offered no such plan and Mrs. Higinbotham apparently wishes to frustrate NFS's ability to protect its interests.  Thus, in the event this Court were to find that the automatic stay applies, termination of the stay under Section 362(d)(1) is proper.

# CERTIFICATE OF SERVICE

     I hereby certify that on this 8th day of May, 2019, I caused true and correct copies of the foregoing REPLY OF NATIONAL FINANCIAL SERVICES LLC IN SUPPORT OF MOTION FOR ORDER CONFIRMING THAT AUTOMATIC STAY DOES NOT APPLY to be filed and served through ECF notification upon all parties who receive notice in this matter pursuant to the Court's ECF filing system, or otherwise in accordance with the service information provided hereinbelow.

                                                             By: /s/ Sean T. Scott
                                                                  Sean T. Scott

## SERVICE LIST

**Registrants** (service via ECF)

Bradley Block on behalf of Creditor Susan S. Higinbotham
brad.block@bradblocklaw.com

Bianca E Ciarroni on behalf of Interested Party Neal H. Levin, not individually but solely as the Receiver of the Estate of Harlow Niles Higinbotham
bciarroni@freeborn.com, bkdocketing@freeborn.com

Deborah K Ebner on behalf of Creditor A. H., a minor
dkebner@deborahebnerlaw.com, webmaster@debnertrustee.com;lizd@deborahebnerlaw.com

Deborah K Ebner on behalf of Creditor Wipaporn Teekhungam
dkebner@deborahebnerlaw.com, webmaster@debnertrustee.com;lizd@deborahebnerlaw.com

William J Factor on behalf of Creditor Allen & Glassman, Chartered
wfactor@wfactorlaw.com,
wfactorlaw@gmail.com;bharlow@wfactorlaw.com;wfactor@ecf.inforuptcy.com;wfactormyecfmail@gmail.com;factorwr43923@notify.bestcase.com

William J Factor on behalf of Creditor A. H., a minor
wfactor@wfactorlaw.com,
wfactorlaw@gmail.com;bharlow@wfactorlaw.com;wfactor@ecf.inforuptcy.com;wfactormyecfmail@gmail.com;factorwr43923@notify.bestcase.com

William J Factor on behalf of Creditor Gemma Allen
wfactor@wfactorlaw.com,
wfactorlaw@gmail.com;bharlow@wfactorlaw.com;wfactor@ecf.inforuptcy.com;wfactormyecfmail@gmail.com;factorwr43923@notify.bestcase.com

William J Factor on behalf of Creditor Wipaporn Teekhungam
wfactor@wfactorlaw.com,

wfactorlaw@gmail.com;bharlow@wfactorlaw.com;wfactor@ecf.inforuptcy.com;wfactormyecfmail@gmail.com;factorwr43923@notify.bestcase.com

Adam B Goodman on behalf of Interested Party Michael Ian Bender
adam@thegoodmanlawoffices.com

Shira R Isenberg on behalf of Interested Party Neal H. Levin, not individually but solely as the Receiver of the Estate of Harlow Niles Higinbotham
sisenberg@freeborn.com, bkdocketing@freeborn.com;jhazdra@ecf.inforuptcy.com

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

Jeffrey K. Paulsen on behalf of Creditor A. H., a minor
jpaulsen@wfactorlaw.com, bharlow@wfactorlaw.com;jpaulsen@ecf.inforuptcy.com

Jeffrey K. Paulsen on behalf of Creditor Wipaporn Teekhungam
jpaulsen@wfactorlaw.com, bharlow@wfactorlaw.com;jpaulsen@ecf.inforuptcy.com

N. Neville Reid on behalf of Creditor Beermann, LLP
nreid@foxswibel.com, bkdocket@foxswibel.com

Nathan Q. Rugg on behalf of Creditor Northern Trust Securities, Inc.
Nathan.Rugg@bfkn.com, jean.montgomery@bfkn.com

Gregory K Stern on behalf of Debtor 1 Harlow N Higinbotham
greg@gregstern.com, steve_horvath@ilnb.uscourts.gov

David Wentzel on behalf of Debtor 1 Harlow N Higinbotham
dwentzel@wentzellaw.com,
mkozlowski@wentzellaw.com;millie@wentzellaw.com;lew@rosenbloomadvisors.com;vijay@rosenbloomadvisors.com

Brian Wilson on behalf of Creditor Beermann, LLP
bwilson@foxswibel.com, ewatts@foxswibel.com,bkdocket@foxswibel.com

Stephen G Wolfe on behalf of U.S. Trustee Patrick S Layng
steve.g.wolfe@usdoj.gov, jennifer.r.toth@usdoj.gov

**18-31185 Notice will not be electronically mailed to:**
**Non-Registrants** (Service via first class mail)
Harlow N. Higinbotham
RD No. 2
2002 East Cass St.
Joliet, IL 60432

2