IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 18-31185 |
| | ) | |
| HARLOW HIGINBOTHAM, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Honorable LaShonda Hunt |

Hearing:
     May 22, 2019
     11:00 a.m.

## NOTICE OF MOTION

PLEASE TAKE NOTICE THAT on May 22, 2019 at 11:00 a.m., we shall appear before the Honorable LaShonda Hunt, or whomever is sitting in her stead, in Courtroom 719 of the Dirksen Federal Building, 219 South Dearborn Street, Chicago, IL 60604, and then and there present the attached Susan Higinbotham's Motion for Protective Order, a copy of which is hereby served upon you.

SUSAN HIGINBOTHAM

Date: May 15, 2019

By: ___/s/ Bradley Block_____
     One of her Attorneys

Bradley S. Block
Law Offices of Bradley Block
318 West Adams Street
17th Floor
Chicago, IL 60606
224-533-1075
224-533-1076 (fax)
brad.block@bradblocklaw.com

## <u>CERTIFICATE OF SERVICE</u>

      I, Bradley Block, an attorney, certify that I served a copy of the foregoing Susan Higinbotham's Motion for Protective Order and the associated Notice of Motion on the persons below by filing same via ECF or, if indicated, by email on May 15, 2019.

                     /s/ Bradley Block
                     Bradley Block

Service List:

| | |
|---|---|
| Bianca E. Ciarroni<br>Shira R. Isenberg<br>Freeborn Peters LLP<br>311 South Wacker Drive<br>Suite 3000<br>Chicago, IL 60606<br>312-360-6000<br>bciarroni@freeborn.com<br>sisenberg@freeborn.com | Deborah K. Ebner<br>Law office of Debora Kanner Ebner<br>P.O. Box 929<br>Glenview, IL 60025<br>312-922-3838<br>dkebner@deborahebnerlaw.com |
| Jeffrey K. Paulsen<br>William Factor<br>The Law Office of William J. Factor, Ltd.<br>1363 Shermer Road<br>Suite 224<br>Northbrook, IL 60062<br>847-239-7248<br>wfactor@factorlaw.com<br>jpaulsen@factorlaw.com | Nathan Rugg<br>Barack Ferrazzano Kirschbaum & Nagelberg<br>200 West Madison Street<br>Suite 3900<br>Chicago, IL 60606<br>312-984-3172<br>Nathan.rugg@bfkn.com |
| Gregory K. Stern<br>Gregory K. Stern, P.C.<br>53 West Jackson Blvd.<br>Suite 1442<br>Chicago, IL 60604<br>312-427-1558<br>greg@gregstern.com | Stephen G. Wolfe<br>Office of the U.S. Trustee<br>219 South Dearborn Street<br>Room 873<br>Chicago, IL 60604<br>312-886-7480<br>Steve.g.wolfe@usdoj.gov<br>ustpregion11.es.ecf@usdog.gov |
| Joshua Gross<br>Sean T. Scott<br>Mayer Brown LLP<br>71 South Wacker Drive<br>Chicago, IL 60606<br>312-701-8771<br>jgross@mayerbrown.com<br>sts@mayerbrown.com | N. Neville Reed<br>Brian Wilson<br>200 West Madison Street<br>Suite 3000<br>Chicago, IL 60606<br>312-224-1200<br>nreid@foxswibel.com<br>bwilson@foxswibel.com |

| | |
|---|---|
| Michael DiDomenico<br>Sean Hamann<br>Lake Toback DeDomenico<br>33 North Dearborn Street<br>Suite 1720<br>Chicago, IL 60602<br>mdidomenico@laketoback.com<br>shamann@laketoback.com<br>**Served via email | Adam Goodman<br>Goodman Tovrov Hardy & Johnson<br>105 West Madison Street<br>Suite 1500<br>Chicago, IL 60602<br>adam@thegoodmanlawoffices.com<br>agoodman@goodtov.com |
| David Wentzel<br>Wentzel Law Offices<br>77 West Washington Street<br>Suite 2100<br>Chicago, IL 60602<br>dwentzel@wentzellaw.com<br>**Served via email | |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 18-31185 |
| | ) | |
| HARLOW HIGINBOTHAM, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Honorable LaShonda Hunt |

## SUSAN HIGINBOTHAM'S MOTION FOR PROTECTIVE ORDER

Susan Higinbotham ("Susan"), for her Motion for Protective Order, made pursuant to

F.R. Civ. P. 26(c) (incorporated by F.R. Bankr. P. 7026), states as follows:

1.  Susan seeks a protective order to either eliminate or limit the scope of the deposition

that the Support Creditors[1] seek to take. Susan seeks a protective order because, given the

Amended Plan of Reorganization that the Debtor that the Debtor recently filed, there is no real

need for her deposition. Further, if any deposition does occurs, disputes concerning the scope of

the deposition are inevitable. Given that Ms. Higinbotham is spending all of her time at the

hospital tending to her critically ill daughter (who will be in critical condition for the foreseeable

future), it would be better to resolve these disputes in advance than have a battle royale at the

deposition, followed by motions with the possibility of a second deposition occurring.

**Background**

2.  The Support Creditors filed a Motion to Dismiss this Bankruptcy case on January 9,

2019. The Support Creditors served Susan with a subpoena seeking documents and a deposition

on January 23, 2019. *See* Exhibit A. The portion of the subpoena requesting documents was the

equivalent of a citation to discover assets against Susan, seeking all documents regarding all of

her assets.

---

[1] Wipaporn Teekhungam and her three children.

3.   Susan responded to the Subpoena on February 5, 2019. *See* Exhibit B. Susan's responses were generally as follows:

    A.   With respect to assets owned jointly by Susan and the Debtor, Susan indicated that the Support Creditors should obtain such documents from the Debtor. Susan understands that the Support Creditors have done so.

    B.   With respect to assets owned solely by Susan, Susan objected that such documents were not relevant to the Motion to Dismiss.

    C.   With respect to Susan's claims against the Debtor and the property listed on his Bankruptcy Schedules, Susan objected to the extent that the Support Creditors had already obtained such documents in connection with the underlying state court litigation. Susan indicated that she had some additional documents and would produce them upon entry of a protective order. Susan tendered a draft protective order (essentially the form of protective order endorsed by the Northern District of Illinois).

The Support Creditors have not challenged Susan's objections or responded regarding the form of the proposed protective order.

4.   Since the issuance and response to the Support Creditors' subpoena, the Debtor has proposed an Amended Plan of Reorganization (filed May 13, 2019). The Amended Plan, among other things:

    A.   Provides for prompt payment of the $2 million judgment of the Support Creditors for retroactive support.

    B.   Provides for payment of the monthly support obligations going forward.

2

    C.    Provides assets (securities) from which the future monthly support obligations can

        be paid, if Harlow cannot or does not pay the monthly support obligations from

        income.[2]

    D.    Pays general unsecured creditors in full.

    E.    Does not pay/subordinates payment of Susan's claims and the claims of family

        trusts that have loaned money to Harlow over the years.

The Amended Plan thus provides for payment of non-insider claims in full, including the claims

of the Support Creditors, while (hopefully) avoiding the tax consequences that might occur if the

Debtor had to immediately liquidate assets.[3]

**Susan's Deposition is Unnecessary**

    5.   Even prior to the filing of the Amended Plan, and prior to scheduling a date for the

hearing on the Motion to Dismiss, counsel for the Support Creditors demanded that Susan

provide dates for her deposition. *See* Exhibit C.

    6.   The Amended Plan makes Susan's deposition unnecessary. In particular, the Motion

to Dismiss made six claims as to why the Debtor supposedly filed this Bankruptcy case in bad

faith, but these issues no longer matter.

    A.   The Debtor allegedly filed the bankruptcy case to obtain a stay pending appeal. (pp.

        7-9). The Amended Plan, however, provides for immediate payment of the Support

        Creditors' existing claims, and for payment of monthly support obligations when due.

        The only difference between the Amended Plan and the State Court orders is that the

---

[2] In addition, a trust established by the State Court still holds several hundred thousand dollars for payment of the Support Creditors' future attorneys' fees.

[3] Susan believes that the Amended Plan still requires certain modifications to achieve these goals, but supports the concept. If the Amended Plan is modified to help avoid liquidation of the securities account to pay the margin loan (Class 2) and possibly to avoid triggering immediate taxes (an issue that Susan is investigating), Susan exects to support the Amended Plan.

Amended Plan provides for securities, held in a special account, as collateral for future support payments, while the State Court orders provided for collateral in the form of cash in a trust, with different trustees. In both cases, the future support payments are to be paid and assets are set aside to ensure payment—but in the Amended Plan, if the Debtor can make support payments out of income, he and Susan can avoid the tax consequences of liquidating securities (and he and Susan can defer the tax consequences to future years if he does have to liquidate securities).

B.  The Debtor allegedly made misleading statements in his 341 Meeting about his assets. (pp. 9-10). This claim appears to relate to the impact of the Debtor's promises and transfers of certain assets to Susan in 2009 and 2011, and his uncertainty about whether he owned the assets listed on his Bankruptcy Schedules. However, if the Amended Plan is confirmed, then the Debtor will be using marital assets (which are subject to Susan's ownership claims) to pay creditor claims, so this issue is moot.

C.  The Debtor is allegedly using the Bankruptcy case to avoid paying child support. (p.10) The Amended Plan proposes to pay all past and present child support obligations and provides collateral to ensure that such payments are made.

D.  The Debtor is attempting to delay the State Court determination of sanctions. (p. 11) This Court previously lifted the automatic stay to permit the State Court to hold such proceedings.

E.  The Insider claims are not legitimate. (pp. 11-12). Although is allegation is wrong, the Amended Plan does not propose to pay these claims, so this objection does not matter.

4

F.   The Bankruptcy case frustrates Illinois State law by trying to obtain a stay pending appeal. *See* Paragraph 6A above.

7.   Susan acknowledges that, at the May 1, 2019 hearing, the Court indicated that it would want to hear from Susan in connection with the Motion to Dismiss. However, the Court made that statement before seeing the Amended Plan. At a minimum, it would help guide the parties if the Court could indicate the subjects on which Susan may have useful testimony.

**If Susan's Deposition Does Occur, Disputes**
**Regarding its Scope are Inevitable**

8.   The Support Creditors are intent on litigating regardless of what is proposed to them in a plan of reorganization. The Support Creditors' counsel demanded dates for Susan's deposition without seeing the contents of the Amended Plan or knowing the date of the hearing on their Motion to Dismiss. *See* Exhibit C.

9.   Further, the scope of the document requests contained in the Support Creditors' subpoena was extremely broad. It is apparent from the scope of the document requests and Susan's objections that the parties have vastly different views of what is relevant.

10.   Perhaps in an ordinary circumstance, the Court would allow the deposition to proceed and permit the parties to argue about these issues, and have the parties bring the disputes they cannot resolve to the Court after the fact. In this circumstance, however, where disputes appear inevitable and where Susan has an infant in critical condition, it would make sense to resolve these issues in advance. Susan does not need to witness the lawyers constantly argue with each other; Susan needs for the deposition to proceed efficiently rather than having the deposition slowed by constant disputes; and Susan needs to have the deposition occur once and be done with it.

11. Counsel certifies, as evidenced by Exhibit C, that he has attempted to resolve these discovery disputes but has been unable to do so. It is obvious from the discussions to date that further communication will not lead to an accord.

WHEREFORE, Susan Higinbotham respectfully requests that this Court enter a protective order prohibiting her deposition by the Support Creditors or, in the alternative, defining the scope of her deposition by the Support Creditors, and granting such further relief as this Court deems proper.

SUSAN HIGINBOTHAM

Date: May 15, 2019                    By: ___/s/ Bradley Block_____
                                          One of her Attorneys

Bradley S. Block
Law Offices of Bradley Block
318 West Adams Street
17th Floor
Chicago, IL 60606
224-533-1075
224-533-1076 (fax)
brad.block@bradblocklaw.com

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

## UNITED STATES BANKRUPTCY COURT
### Northern District of Illinois

In re    **Harlow Higinbotham**

Debtor

Case No.    **18-31185**

Chapter    **11**

Hon. LaShonda Hunt

### SUBPOENA TO TESTIFY AT A DEPOSITION
### IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:    **Susan Higinbotham, c/o Brad Block, 318 West Adams Street, 17th Floor, Chicago, IL   60606**

*(Name of person to whom the subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE FactorLaw, 105 W. Madison Street, Suite 1500, Chicago, 60602 | DATE AND TIME February 12, 2019, 10:00 am |
|---|---|

The deposition will be recorded by this method: Stenographically or Video

☑ *Production:* You, or your representatives, must also produce on or before **February 5, 2019 at 5:00 p.m.** the documents, electronically stored information, or objects, requested by the attached document rider, and must permit inspection, copying, testing, or sampling of the material:   See attached rider

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    January 22, 2019

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing Wipaporn Teekhungam and the parties' ten-year-old triplets, A.H., A.H., and A.H., who issues or requests this subpoena, are: is William J. Factor, 105 W. Madison St., Suite 1500, Chicago, IL 60602

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

{00131659}

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for (*name of individual and title, if any*): _____

on (*date*) _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com
Best Case Bankruptcy

**Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)**
**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
*(2) Command to Produce Materials or Permit Inspection.*
    *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

EXHIBIT A

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com
Best Case Bankruptcy

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| **Harlow N. Higinbotham**, | Bankruptcy No. 18-31185 |
| Debtor. | Honorable LaShonda A. Hunt |

## AMENDED DOCUMENT RIDER TO
## SUSAN HIGINBOTHAM IN CONNECTION WITH SUBPOENA

Wipaporn Teekhungam and her ten-year-old triplets, A.H., A.H., and A.H. by and through their undersigned counsel, hereby serve on Susan Higinbotham the following document rider to the attached subpoena.

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions are applicable to each Discovery Request.

### I.    Definitions

1. "***341 Meeting***" means the meeting of creditors of the Debtor conducted by the Office of the United States Trustee on December 11, 2018.

2. "***All Documents***" shall mean every Document, whether an original or copy, as defined below, known to you, and every such Document or writing which you can locate or discover by reasonably diligent efforts and includes Documents in the possession, custody or control of your agent(s).

3.  "***And***" shall mean and/or.

4.  "***Any***" shall mean any and all.

5.  *"**Bankruptcy Case**"* means the bankruptcy proceeding that the Debtor filed on November 5, 2018, which was assigned Case No. 18-31185.

6.  "***Communication***" shall mean any manner or means of disclosure, transfer, or exchange, and any disclosure, transfer, or exchange of information whether orally or by Document, or whether face to face, by telephone, mail, or personal delivery.

7.  "***Creditor***" shall have the meaning as defined in 11 U.S.C. § 101(10).

8.  "***Debt***" shall have the meaning as defined in 11 U.S.C. § 101(12).

9.  "***Debtor***" shall mean Harlow Higinbotham.

10. *"**Divorce Petition**"* means the divorce petition that you filed in Will County against the Debtor in December of 2018.

11. "***Discovery Requests***" shall mean the foregoing Interrogatories and Request for Production of Documents.

12. "***Document***" or "***Documents***" shall mean all ESI and all written, typewritten, handwritten, recorded, or printed matter of any kind, including, without limitation, the originals and all nonidentical copies thereof, whether different from the originals by reason of any notation made upon such copies or otherwise, including, again without limitation, minutes and/or other records of meetings, agendas, bills, contracts, leases, assignments, agreements, contracts, summaries of negotiations, account books, orders, invoices, statements, bills, checks, accounting records, vouchers, summaries, diaries, forecasts, studies, drawings, graphs, charts, reports, and/or summaries of investigations or reports, strategic or business plans or summaries, brochures, pamphlets,

publications, circulars, advertisements, trade letters, press releases, statements of policy, correspondence, letters, telegrams, interoffice and intraoffice communications, offers, notations of any sort of conversations, appointment books or calendars, teletypes, telefax, thermafax, confirmations, computer files, printouts of computer files, computer data (including, but not limited to, information or programs stored in a computer, whether or not ever printed out or displayed), all drafts, alterations, modifications, changes and amendments of any of the foregoing, all graphic or manual records or representations of any kind, including, without limitation, photographs, microfiche, microfilm, videotape, records, motion pictures, and electronic, mechanical or electric records or representations of any kind, including, without limitation, tapes, cassettes, disks, magnetic cards, and recordings; and all other similar material which is in your possession, custody, or control.  Without limiting the term "*control*" as used in the preceding sentence, a Document shall be deemed to be within your control, regardless of its physical location, if you have the right to secure the Document or a copy thereof from another person or entity, either public or private, including, but not limited to, your legal counsel, having actual possession thereof

13. "***Each***" shall mean each and every.

14. "***ESI***" means electronically stored information and further means, without limitation, information that is stored in an electronic medium, with electronic being defined as relating to technology having electrical, digital, magnetic, wireless, optical, electromagnetic, or similar capabilities and includes, without limitation, emails and texts.

15. "***Explain in Detail***" means to answer the subject interrogatory with all material information regarding the subject

question, including information that Identifies the underlying facts and, if appropriate, legal theories that support your answer and specifically excludes a summary explanation that excludes material information related to the subject matter of the question.

16. "*Four-Year Period*" shall mean the period of November 5, 2014, to November 5, 2018.

17. "*Identify*" or "*identity*" when used in reference to a fact means to state the alleged or actual fact and all information or details that you believe make the fact true or false.

18. "*Identify*" or "*identity,*" when used in reference to an individual person, shall mean to state his or her full name, present or last known business address, and residential address if no present business address is known, telephone number, and the name of such person's present or last known employer, place of employment and position, the position(s) and/or interest(s) he or she held with and in the Debtor, as defined herein, during the relevant time period, and the relevant time period he or she held such position(s) and/or interests with and in the Debtor.

19. "*Identify*" or "*identity,*" when used in reference to an entity, shall mean to state its full and complete name and the present or last known address of its headquarters or principal place of business, the position(s) and/or interest(s) it held with and in the Debtor during the relevant time period, and the relevant time period it held such position(s) and/or interests with and in the Debtor.

20. "*Identify*" or "*identity,*" when used in reference to a noun or concept, shall mean to state a complete description of the noun or concept, including all details thereof.

21. "*Identify*" or "*identity,*" when used in reference to a Document, shall mean to state the nature of the Document (*e.g.,* letter, memorandum, etc.), the date, if any, appearing on the Document, the identity of the person(s) who wrote, signed, dictated, or otherwise participated in the preparation of the Document, the identity of all persons who received copies of the Document, and the present location and custodian of the Document.

22. "*Identify*" or "*identity,*" when used in reference to a meeting or to an oral communication, shall mean to state the following: the date and place thereof, the identity of the individual(s) who initiated the meeting or oral communication, the identity of each person who participated in, or who was present at, any part or all of the meeting or oral communication, or who became privy to the substance of the meeting or oral communication, the subject of the meeting or oral communication, and whether the meeting or oral communication occurred in person or by telephone and, if both, the method by which each individual participated.

23. "*Including*" is not a term of limitation and also refers to, "not limited to."

24. "*Motion to Dismiss*" means the motion to dismiss the captioned chapter 11 proceeding that the Triplets filed on January 9, 2019 [Dkt. No. 49].

25. "*Or*" shall mean and/or.

26. "*Oral Communication*" shall mean any Communication spoken or heard, whether in person, by telephone, or otherwise.

27. "*Petition Date*" shall mean November 5, 2019, the date the Debtor filed his voluntary petition for relief under chapter 11 of title 11 of the United States Code in the Court.

28. "*Person*" shall mean any and all entities, as well as natural persons, and, without limitation, shall be defined to include natural persons, corporations, partnerships, joint owners, associations, companies, and joint ventures.

29. "*Refer*," "*relate*," "*reflect*," "*regard*," "*refer to*," "*relate to*," "*relating to*," and "*concerning*" (or forms thereof) shall mean directly or indirectly, in whole or in part, referring to, relating to, connected with, commenting upon, relevant to, impinging or impacting upon, affecting, responding to, showing, describing, representing, supporting, contradicting, stating, mentioning, showing, evaluating, recording, noting, analyzing, reflecting, or constituting.

30. "*SOFA*" means the Statement of Financial Affairs the Debtor filed in the Bankruptcy Case, including any amendments thereto.

31. "*Susan*" refers to Susan Higinbotham, the Debtor's wife as of the Petition Date and any business or other entity in which she has an interest, including Higinbotham Capital LLC, Chicago 2000 Partners LLC, and Susan Higinbotham Apparel Design.

32. "*Ten-Year Period*" shall mean the period of November 5, 2008, to November 5, 2019.

33. "*Transfer*" shall have the meaning as set forth in 11 U.S.C. § 101(54).

34. "*Triplets*" means the three male children whose mother is Wipaporn Teekhungam and who have alleged either directly, through their agents or through their mother, that the Debtor is their father, and includes the mother of said children, Wipaporn Teekhungam.

35. "*Trust*" means any document, interest or agreement purporting to create a trust or creating a trust where any of the Debtor,

Susan or any of their children are a beneficiary, the grantor or the trustee and includes, without limitation, the E.D. Higinbotham Trust, the H.N. Higinbotham Trust, the Rosenberg Irrevocable Trust and the any charitable trust.

36. "*You*" or "*your*" shall mean the person to whom this discovery or subpoena is directed.

## II.   Instructions

1. If any Documents have previously been produced in other litigation involving the Triplets, in lieu of producing such Documents again, Identify the bates number of such Document(s) and the date(s) such materials were produced.

2. Capitalized terms not otherwise defined shall have the meaning set forth in the Bankruptcy Code.

3. If you claim any form of privilege, whether based upon statute or otherwise, as a ground for not answering any Discovery Request or any part of a Discovery Request, set forth all facts upon which such claim of privilege is based.

4. If you claim any form of privilege, whether based upon statute or otherwise, as a ground for not identifying requested Documents, identify the Discovery Request to which the Document is responsive and set forth all facts upon which such claim of privilege is based, and for each Document as to which you claim any form of privilege, identify: (i) the date of the Document; (ii) the date upon which the Document was prepared; (iii) the title or caption of the Document; (iv) the form of the Document (e.g., letter, memorandum, chart, etc.); (v) the subject matter of the Document; (vi) the author(s) and/or any and all other persons involved or participating in preparing or drafting the Document; and (vii) the recipient(s) of the

Document or any copy thereof, including all persons to whom the Document has been provided or who have it within their possession, custody, or control.

5.   If you claim any form of privilege, whether based upon statute or otherwise, as a ground for not identifying requested oral communications, identify the Discovery Request to which the oral communication is responsive and set forth all facts upon which such claim of privilege is based, and for each oral communication as to which you claim any form of privilege, identify: (i) the date upon which the oral communication took place; (ii) the subject matter of the oral communication; (iii) the person who made the oral communication; and (iv) identify the person(s) to whom the oral communication was made.

6.   Whenever a Discovery Request requests you to "state the facts" or "describe," you should provide all information relating or referring to the subject matter of such Discovery Request, including, but not limited to, a specification of dates of all events which relate to such subject matter, the identity of all oral communications and meetings relating to the subject matter, the identity of all persons with knowledge of the facts that relate to such subject matter, and the identity of all Documents which relate to refer to, or contain, information concerning the subject matter of such Discovery Request.  If there were any oral or written communications concerning the subject matter of the Discovery Request, include the identity of the participants to such communications, and set forth the substance of such communications.

7.   If any Document responsive to any Discovery Request has been destroyed, erased, discarded, or otherwise lost, identify: (i) the type of Document; (ii) the approximate date on which it was created; (iii) the author or preparer; (iv) the contents of the Document; (v) any and all

persons who received or saw the Document or a copy of it; (vi) any and all persons who participated in, or who were involved in, the decision to destroy such Document, if applicable; (vii) any Document retention or destruction policy under which such Document was destroyed, erased, or discarded, and any and all persons who participated in, or who were involved in, the formulation of any such policy; (viii) the reason for the destruction of such Document, if applicable; and (ix) the date (or approximate date if precise date is not known) such Document was lost, discarded, or destroyed.

8.   Whenever a date, amount, or other computation or figure is requested, the exact date, amount, or other computation or figure is to be given, unless it is unknown. If the exact date, amount, or other computation or figure is unknown, the approximate date, amount, or other computation or figure should be given (or the best estimate thereof), and the answer should state that the date, amount, or other computation or figure provided is an estimate or approximation.

9.   Where facts are set forth in the answers or portions thereof and are supplied upon information and belief, rather than your direct personal knowledge, you should so state, and specifically identify each source of such information and belief. Should you be unable to answer any Discovery Request, or any portion thereof, by either actual knowledge or upon information or belief, you should so state.

10. Except for reference to defined or designated terms, or unless otherwise expressly stated, each Discovery Request shall be construed independently and not by reference to any other Discovery Request herein for purpose of limitation.

11. Unless specifically noted otherwise, the relevant time frame of these Discovery Requests shall be from January 1, 2007, until the date

upon which responses hereto are due, and as may be later supplemented, in accordance with the Federal Rules and the Bankruptcy Rules.

        12. Pursuant to Federal Rule 26(e), made applicable herein by Bankruptcy Rule 7026, each Discovery Request shall be construed to impose upon the party answering it the continuing obligation to supplement the answer thereto with information later learned by such party that is necessary to make the answer correct and complete.

## III.  REQUESTS FOR PRODUCTION OF DOCUMENTS

        1.    All Bank Statements from January 1, 2008, through the present for any bank account that holds, or has held, your property.

        **ANSWER:**

        2.    All statements from January 1, 2008, through the present for any brokerage or other account in which the Debtor or you have or had an interest.

        **ANSWER:**

        3.    All Documents and ESI reflecting or identifying the value of any real estate in which you had an interest since 2000, or currently have an interest, either as an owner, co-owner or tenant.

        **ANSWER:**

        4.    All Documents and ESI reflecting or identifying or relating to any real estate in which you had an interest since 2000, or currently have an interest, either as an owner, co-owner or tenant.

        **ANSWER:**

        5.    All invoices and statements from any attorney you have consulted from January 1, 2008 to the present.

**ANSWER:**

6.    All Documents and ESI that support the expenditure of approximately $20,000 per month on childcare and children's education costs.

**ANSWER:**

7.    All Documents and ESI related to childcare and children's education costs.

**ANSWER:**

8.    All Documents and ESI reflecting, documenting, discussing or relating to any services you provided to the Debtor, including any services that relate to any Debts the Debtor owes to you or that you claim the Debtor owes to you.

**ANSWER:**

9.    All Documents and ESI related to the promissory note that the Debtor claims to exist to evidence amounts owed by him to you, including the note itself and All Documents and ESI that evidence how the obligation was incurred.

**ANSWER:**

10.    All Documents and ESI related to the Debtor's contention that he gave all his assets to you.

**ANSWER:**

11.    All Documents and ESI related to the so-called "full accounting" of amounts owed to you.

**ANSWER:**

12.    All Documents and ESI related to estate planning documents or materials that contain either your name or the Debtor's

name, including, without limitation, wills, trusts, codicils, powers of attorneys, living trusts, and similar documents.

**ANSWER:**

13.    All Documents and ESI created by you or the Debtor or transmitted to you or received by you in connection with or related to the Debtor voluntarily filing a bankruptcy petition.

**ANSWER:**

14.    All Documents and ESI relating to accounts or trusts in which you, the Debtor or any of your present or future children have or ever had an interest, whether as a settlor, beneficiary, or owner, that are located outside of the United States or are subject to a law or jurisdiction outside of the United States, or any state outside thereof.

**ANSWER:**

15.    Except to the extent otherwise subject to a specific Document Request, All Documents and ESI related to any asset that you consider to be exempt, including, without limitation, 401(k) statements and formation and administration documents, and IRA statements and formation and administration documents.

**ANSWER:**

16.    All Documents and ESI generated from January 1, 2008 to the present, which reflect, discuss or disclose your assets and liabilities, including, without limitation, financial statements or loan applications.

**ANSWER:**

17.    For each of Debtor's liabilities outstanding at any time from January 1, 2008, through the present, All Documents and ESI related to such liability, including without limitation, agreements, payment records, demands for payment, and statements.

**ANSWER:**

18. For each asset owned by you at any time after January 2008 with a purchase price or current value of more than $1,000, all Documents and ESI related to such asset including without limitation, titles, registrations, deeds, appraisals, purchase agreements, assignments of rights or interests, security agreements and/or mortgages.

**ANSWER:**

19. All Documents and ESI evidencing or referring to any security interest granted in any asset owned directly or indirectly by you at any time after January 2008.

**ANSWER:**

20. All Documents and ESI related to any surrogacy arrangements for the birth a child.

**ANSWER:**

21. All Documents, ESI and Communications related to any trust for which you are a beneficiary, settlor or trustee, including, without limitation, documents relating to the formation, funding or administration of such trust.

**ANSWER:**

22. All Documents, ESI and Communications you transmitted to, or received from, the Debtor after you learned about the Triplets.

**ANSWER:**

23. All Documents and ESI related to insurance on any property in which you or the Debtor have or had an interest at any time, including personal property riders, and insurance applications.

**ANSWER:**

24.     All Documents and ESI related to life insurance on the Debtor's life, including insurance applications, and riders.

**ANSWER:**

25.     All Documents and ESI related to the value of any property with a purchase price or current value of more than $1,000, that the Debtor currently has or had at any time since January 1, 2008.

**ANSWER:**

26.     All Documents and ESI reflecting, evidencing or relating to the Debtor's transfer of an interest in property to you at any time including, without limitation, documents related in any way to the Debtor's contention that he transferred all his property to you.

**ANSWER:**

27.     All Documents and ESI relating to credit or payment terms that existed between you and the Debtor, including, but not limited to, all letters, notes, memoranda, facsimile transmissions and e-mail correspondence or communications or other records.

**ANSWER:**

28.     To the extent not already produced in response to the above Document Requests, All Documents and ESI that relate to, evidence, reflect or support the assertion that the Trusts are creditors of the Debtor's bankruptcy estate.

**ANSWER:**

29.     All Documents and ESI related to the charitable trust the Debtor mentioned at his 341 Meeting, including the trust itself, any

Documents, including formation Documents related to such trust and any communications related to such trust.

**ANSWER:**

30.    All Documents and ESI that relate to, evidence, support or reflect the Debtor's allegation that you are owed the amounts set forth in the Debtor's bankruptcy schedules.

**ANSWER:**

31.    All Documents and ESI related to the Debtor's contention at his 341 Meeting that he owes you money for "staying with me and for taking care of helping me take care of these matters that are -- been my main occupation for the past several years."

**ANSWER:**

32.    All Documents and ESI related to insurance policies naming you as the beneficiary, insured or owner, including the policies themselves, any statements related to the value of the policies and any Documents related to transfers of the policies.

**ANSWER:**

33.    All emails and texts sent by the Debtor to you or from you to the Debtor since January 1, 2008 through the present that relate in any way to the Triplets, to the surrogacy arrangements, to the Divorce Petition or to the assets or liabilities of you or the Debtor.

**ANSWER:**

34.    All Documents related to the Divorce Petition.

Dated: January 22, 2019

Wipaporn Teekhungam, A.H., A.H., and A.H.

By:_____

One of Their Attorneys


William J. Factor (6205675)
Deborah K. Ebner, Of Counsel (6181615)
Jeffrey K. Paulsen (6300528)
**FACTORLAW**
105 W. Madison Street, Suite 1500
Chicago, IL 60602
Tel:      (847) 239-7248
Fax:      (847) 574-8233
Email:   wfactor@wfactorlaw.com
          dkebner@deborahebnerlaw.com
          jpaulsen@wfactorlaw.com

EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 18-31185 |
| | ) | |
| HARLOW HIGINBOTHAM, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Honorable LaShonda Hunt |

**SUSAN HIGINBOTHAM'S RESPONSE TO SUBPOENA**

Susan Higinbotham ("Susan"), for her Response to the Subpoena issued by Wipapom

Teekhungam (the "Support Claimants"), states as follows:

**GENERAL OBJECTIONS**

The following objections are incorporated into each response to a specific request as if

fully set forth therein, whether referenced or not.

A.  Susan objects to these requests to the extent they seek information protected by the

attorney-client privilege, work product rule or other applicable privilege. Further, it is unduly

burdensome for Susan to provide a privilege log for all privileged communications occurring

after she consulted counsel in connection with *In re the Parentage of Wipaporn Teekhungam v.*

*Harlow Higinbotham*, Case No. 2011 D 6475 pending in the Circuit Court of Cook County,

Illinois (the "Support Case") because there are innumerable communications occurring between

client and counsel during pending litigation.

B.  Susan objects to these requests to the extent they seek to command her to take actions

that are not required by the Bankruptcy Code or the Bankruptcy Rules.

C.  Susan objects to these requests to the extent they duplicate discovery sought in the

Support Case.

D.  Susan objects to these requests because the time frame for many of them (back to January 1, 2008) is overbroad and unduly burdensome, and seeks information that is not relevant.

E.  Susan objects to this subpoena to the extent it seeks confidential information. Susan will produce documents containing confidential information after the Court enters an appropriate protective order. A proposed protective order has been provided concurrently with these responses.

F.  Susan objects to this subpoena because, for the most part, it is a disguised citation to discovery assets (and would be overbroad even for that purpose) for assets related to both Susan and the Debtor; the subpoena does not seek information relevant to these bankruptcy proceedings and/or seeks information that has already been obtained or should be obtained from the Debtor. The subpoena is thus overbroad and unduly burdensome. It seeks all documents related to virtually every asset that Susan owns, as well as every asset that the Debtor owns.

(1) Many of these documents should be obtained from the Debtor. It is unduly burdensome for Susan, a creditor, to produce documents that are available from the Debtor, who has voluntarily taken on this burden by commencing these proceedings. Further, the Support Claimants have already requested these documents from the Debtor.

(2) The Support Claimants appear to hold a priority claim. Their interest in these bankruptcy proceedings is primarily whether, upon plan confirmation, the Debtor has sufficient assets to pay their claim. Either the Debtor makes such a showing at confirmation or the Debtor does not—and the plan will not be confirmed. That is the only issue that is relevant at this time.

2

(3) Susan's assets are not relevant. Further, litigation of the validity of Susan's claims is not likely to be relevant to whether the Debtor can file a plan of reorganization unless the Debtor himself decides to pursue such litigation. If, hypothetically, Susan has an asset that the Debtor could claim belongs to his estate by filing an adversary proceeding, it does not matter to the Support Claimants unless the Debtor intends to use that asset in his plan of reorganization. There is no indication to date that such will be the case.

(4) Although Susan has claims to many of the assets listed on the Debtor's schedules, she may be willing to allow those assets to be used by the Debtor in his plan of reorganization should acceptable arrangements be made with her.

G.  Susan objects to these requests because, for the documents she is producing, the subpoena does not provide her adequate time to respond. Susan will produce the documents on a rolling basis as she obtains them.

## RESPONSE TO SPECIFIC REQUESTS

1.  All Bank Statements from January 1, 2008, through the present for any bank account that holds, or has held, your property.

RESPONSE:   Susan objects to this request as overbroad and unduly burdensome, and because it does not seek information that is relevant. In addition, *see* General Objections above.

2.  All statements from January 1, 2008, through the present for any brokerage or other account in which the Debtor or you have or had an interest.

RESPONSE:   Susan objects to this request as overbroad and unduly burdensome, and because it does not seek information that is relevant. In addition, *see* General Objections above.

3.  All Documents and ESI reflecting or identifying the value of any real estate in which you had an interest since 2000, or currently have an interest, either as an owner, co-owner or tenant.

3

RESPONSE:   Susan objects to this request as overbroad and unduly burdensome, and because it does not seek information that is relevant. In addition, *see* General Objections above. Notwithstanding this objection, Susan states that, with respect to real estate in which both she and the Debtor currently have an interest (or had an interest as of the Petition Date), Susan does not recall any appraisals or other documents that contain a value for such real estate but, if any such documents existed, the Debtor would have them.

4. All Documents and ESI reflecting or identifying or relating to any real estate in which you had an interest since 2000, or currently have an interest, either as an owner, co-owner or tenant.

RESPONSE:   Susan objects to this request as overbroad and unduly burdensome, and because it does not seek information that is relevant. In addition, *see* General Objections above.

5. All invoices and statements from any attorney you have consulted from January 1, 2008 to the present.

RESPONSE:   Susan objects to this request as overbroad and unduly burdensome, and because it does not seek information that is relevant. In addition, *see* General Objections above.

6. All Documents and ESI that support the expenditure of approximately $20,000 per month on childcare and children's education costs.

RESPONSE:   Susan objects to this request as overbroad and unduly burdensome, and because it does not seek information that is relevant. In addition, *see* General Objections above.

7. All Documents and ESI related to childcare and children's education costs.

RESPONSE:   Susan objects to this request as overbroad and unduly burdensome, and because it does not seek information that is relevant. In addition, *see* General Objections above.

8. All Documents and ESI reflecting, documenting, discussing or relating to any services you provided to the Debtor, including any services that relate to any Debts the Debtor owes to you or that you claim the Debtor owes to you.

4

RESPONSE:   Susan objects to this request as overbroad and unduly burdensome, and because it does not seek information that is relevant. In addition, *see* General Objections above. Notwithstanding these objections, Susan will produce certain documents related to her claims against the Debtor to the extent they have not already been produced to the Support Creditors in other proceedings and (if appropriate) subject to a protective order. *See* responses to requests below.

9. All Documents and ESI related to the promissory note that the Debtor claims to exist to evidence amounts owed by him to you, including the note itself and All Documents and ESI that evidence how the obligation was incurred.

RESPONSE:   Susan objects to this request as overbroad and unduly burdensome, and because it does not seek information that is relevant. In addition, *see* General Objections above. Notwithstanding these objections, Susan will produce certain documents related to her claims against the Debtor to the extent they have not already been produced to the Support Creditors in other proceedings and (if appropriate) subject to a protective order.

10. All Documents and ESI related to the Debtor's contention that he gave all his assets to you.

RESPONSE:   Susan objects to this request as overbroad and unduly burdensome, and because it does not seek information that is relevant. In addition, *see* General Objections above. Notwithstanding these objections, Susan will produce certain documents related to her claims against the Debtor to the extent they have not already been produced to the Support Creditors in other proceedings and (if appropriate) subject to a protective order.

11. All Documents and ESI related to the so-called "full accounting" of amounts owed to you.

RESPONSE:   Susan objects to this request as overbroad and unduly burdensome, and because it does not seek information that is relevant. In addition, *see* General Objections above. Susan also objects because the term "full accounting" is not defined; Susan will respond to this request based on her belief that the Support Creditors intend to reference Exhibit G to their Motion for Leave to File Transcript, Documents and Supplement Brief in Support of Motion for Stay Relief with this term. Notwithstanding these objections, Susan will produce certain documents related to her claims against the Debtor to the extent they have not already been produced to the Support Creditors in other proceedings and (if appropriate) subject to a protective order.

12. All Documents and ESI related to estate planning documents or materials that contain either your name or the Debtor's name, including, without limitation, wills, trusts, codicils, powers of attorneys, living trusts, and similar documents.

RESPONSE:   Susan objects to this request as overbroad and unduly burdensome, and because it does not seek information that is relevant. In addition, *see* General Objections above.

13. All Documents and ESI created by you or the Debtor or transmitted to you or received by you in connection with or related to the Debtor voluntarily filing a bankruptcy petition.

RESPONSE:   Susan objects to this request as overbroad and unduly burdensome, and because it does not seek information that is relevant. In addition, *see* General Objections above. Notwithstanding these objections, Susan states that she is unaware of any such documents that pre-date the Petition Date.

14. All Documents and ESI relating to accounts or trusts in which you, the Debtor or any of your present or future children have or ever had an interest, whether as a settlor, beneficiary, or owner, that are located outside of the United States or are subject to a law or jurisdiction outside of the United States, or any state outside thereof.

6

RESPONSE:   Susan objects to this request as overbroad and unduly burdensome, and

because it does not seek information that is relevant. In addition, *see* General Objections above.

15. Except to the extent otherwise subject to a specific Document
    Request, All Documents and ESI related to any asset that you
    consider to be exempt, including, without limitation, 401(k)
    statements and formation and administration documents, and IRA
    statements and formation and administration documents.

RESPONSE:   Susan objects to this request as overbroad and unduly burdensome, and

because it does not seek information that is relevant. In addition, *see* General Objections above.

16. All Documents and ESI generated from January 1, 2008 to the
    present, which reflect, discuss or disclose your assets and liabilities,
    including, without limitation, financial statements or loan
    applications.

RESPONSE:   Susan objects to this request as overbroad and unduly burdensome, and

because it does not seek information that is relevant. In addition, *see* General Objections above.

17. For each of Debtor's liabilities outstanding at any time from
    January 1, 2008, through the present, All Documents and ESI
    related to such liability, including without limitation, agreements,
    payment records, demands for payment, and statements.

RESPONSE:   Susan objects to this request as overbroad and unduly burdensome, and

because it does not seek information that is relevant. In addition, *see* General Objections above.

Notwithstanding these objections, Susan will produce certain documents related to her claims

against the Debtor to the extent they have not already been produced to the Support Creditors in

other proceedings and (if appropriate) subject to a protective order.

18. For each asset owned by you at any time after January 2008 with a
    purchase price or current value of more than $1,000, all Documents
    and ESI related to such asset including without limitation, titles,
    registrations, deeds, appraisals, purchase agreements, assignments
    of rights or interests, security agreements and/or mortgages.

7

RESPONSE:   Susan objects to this request as overbroad and unduly burdensome, and

because it does not seek information that is relevant. In addition, *see* General Objections above.

19. All Documents and ESI evidencing or referring to any security
    interest granted in any asset owned directly or indirectly by you at
    any time after January 2008.

RESPONSE:   Susan objects to this request as overbroad and unduly burdensome, and

because it does not seek information that is relevant. In addition, *see* General Objections above.

20. All Documents and ESI related to any surrogacy arrangements for
    the birth a child.

RESPONSE:   Susan objects to this request as overbroad and unduly burdensome, and

because it does not seek information that is relevant. In addition, *see* General Objections above.

In addition, Susan objects because surrogacy arrangements for her unborn child are contain

health care information protected by HIPAA.

21. All Documents, ESI and Communications related to any trust for
    which you are a beneficiary, settlor or trustee, including, without
    limitation, documents relating to the formation, funding or
    administration of such trust.

RESPONSE:   Susan objects to this request as overbroad and unduly burdensome, and

because it does not seek information that is relevant. In addition, *see* General Objections above.

22. All Documents, ESI and Communications you transmitted to, or
    received from, the Debtor after you learned about the Triplets.

RESPONSE:   Susan objects to this request as overbroad and unduly burdensome, and

because it does not seek information that is relevant. In addition, *see* General Objections above.

23. All Documents and ESI related to insurance on any property in
    which you or the Debtor have or had an interest at any time,
    including personal property riders, and insurance applications.

RESPONSE:   Susan objects to this request as overbroad and unduly burdensome, and

because it does not seek information that is relevant. In addition, *see* General Objections above.

24. All Documents and ESI related to life insurance on the Debtor's life, including insurance applications, and riders.

RESPONSE:   Susan objects to this request as overbroad and unduly burdensome, and because it does not seek information that is relevant. In addition, *see* General Objections above.

25. All Documents and ESI related to the value of any property with a purchase price or current value of more than $1,000, that the Debtor currently has or had at any time since January 1, 2008.

RESPONSE:   Susan objects to this request as overbroad and unduly burdensome, and because it does not seek information that is relevant. In addition, *see* General Objections above.

26. All Documents and ESI reflecting, evidencing or relating to the Debtor's transfer of an interest in property to you at any time including, without limitation, documents related in any way to the Debtor's contention that he transferred all his property to you.

RESPONSE:   Susan objects to this request as overbroad and unduly burdensome, and because it does not seek information that is relevant. In addition, *see* General Objections above. Notwithstanding these objections, Susan has produced certain of the documents responsive to this request in response to other requests, and/or responsive documents were produced in the Support Case. *See* above.

27. All Documents and ESI relating to credit or payment terms that existed between you and the Debtor, including, but not limited to, all letters, notes, memoranda, facsimile transmissions and e-mail correspondence or communications or other records.

RESPONSE:   Susan objects to this request as overbroad and unduly burdensome, and because it does not seek information that is relevant. In addition, *see* General Objections above. Notwithstanding these objections, Susan has produced certain documents responsive to this request in response to other requests, and/or responsive documents were produced in the support case. *See* above.

9

28. To the extent not already produced in response to the above
Document Requests, All Documents and ESI that relate to,
evidence, reflect or support the assertion that the Trusts are
creditors of the Debtor's bankruptcy estate.

RESPONSE:   Susan objects to this request as overbroad and unduly burdensome, and

because it does not seek information that is relevant. In addition, *see* General Objections above.

29. All Documents and ESI related to the charitable trust the Debtor
mentioned at his 341 Meeting, including the trust itself, any
Documents, including formation Documents related to such trust
and any communications related to such trust.

RESPONSE:   Susan objects to this request as overbroad and unduly burdensome, and

because it does not seek information that is relevant. In addition, *see* General Objections above.

30. All Documents and ESI that relate to, evidence, support or reflect
the Debtor's allegation that you are owed the amounts set forth in
the Debtor's bankruptcy schedules.

RESPONSE:   Susan objects to this request as overbroad and unduly burdensome, and

because it does not seek information that is relevant. In addition, *see* General Objections above.

Susan also notes that the Debtor's schedules list Susan as being owed an unknown amount.

Notwithstanding these objections, Susan has produced certain of the documents responsive to

this request in response to other requests, and/or responsive documents were produced in the

Support Case. *See* above.

31. All Documents and ESI related to the Debtor's contention at his 341
Meeting that he owes you money for "staying with me and for
taking care of helping me take care of these matters that are -- been
my main occupation for the past several years."

RESPONSE:   Susan objects to this request as overbroad and unduly burdensome, and

because it does not seek information that is relevant. In addition, *see* General Objections above.

Notwithstanding these objections, Susan has produced certain of the documents responsive to

this request in response to other requests, and/or responsive documents were produced in the

Support Case. *See* above.

32. All Documents and ESI related to insurance policies naming you as the beneficiary, insured or owner, including the policies themselves, any statements related to the value of the policies and any Documents related to transfers of the policies.

RESPONSE:   Susan objects to this request as overbroad and unduly burdensome, and

because it does not seek information that is relevant. In addition, *see* General Objections above.

33. All emails and texts sent by the Debtor to you or from you to the Debtor since January 1, 2008 through the present that relate in any way to the Triplets, to the surrogacy arrangements, to the Divorce Petition or to the assets or liabilities of you or the Debtor.

RESPONSE:   Susan objects to this request as overbroad and unduly burdensome, and

because it does not seek information that is relevant. In addition, *see* General Objections above.

34. All Documents related to the Divorce Petition.

RESPONSE:   Susan objects to this request as overbroad and unduly burdensome, and

because it does not seek information that is relevant. In addition, *see* General Objections above.

Notwithstanding this objection, Susan will produce a file-stamped copy of the Divorce Petition.

SUSAN HIGINBOTHAM


Date: February 5, 2019                                  By: ___/s/ Bradley Block_____
                                                                            One of her Attorneys

Bradley S. Block
Law Offices of Bradley Block
318 West Adams Street
17th Floor
Chicago, IL 60606
224-533-1075
224-533-1076 (fax)
brad.block@bradblocklaw.com

## <u>CERTIFICATE OF SERVICE</u>

I, Bradley Block, an attorney, certify that I served a copy of the foregoing Susan Higinbotham's Response to Subpoena on the persons below by email on February 5, 2019.

    /s/ Bradley Block
              Bradley Block

Service List:

| | |
|---|---|
| Bianca E. Ciarroni<br>Shira R. Isenberg<br>Freeborn Peters LLP<br>311 South Wacker Drive<br>Suite 3000<br>Chicago, IL 60606<br>312-360-6000<br>bciarroni@freeborn.com<br>sisenberg@freeborn.com | Deborah K. Ebner<br>Law office of Debora Kanner Ebner<br>P.O. Box 929<br>Glenview, IL 60025<br>312-922-3838<br>dkebner@deborahebnerlaw.com |
| Jeffrey K. Paulsen<br>William Factor<br>The Law Office of William J. Factor, Ltd.<br>1363 Shermer Road<br>Suite 224<br>Northbrook, IL 60062<br>847-239-7248<br>wfactor@factorlaw.com<br>jpaulsen@factorlaw.com | Nathan Rugg<br>Barack Ferrazzano Kirschbaum & Nagelberg<br>200 West Madison Street<br>Suite 3900<br>Chicago, IL 60606<br>312-984-3172<br>Nathan.rugg@bfkn.com |
| Gregory K. Stern<br>Gregory K. Stern, P.C.<br>53 West Jackson Blvd.<br>Suite 1442<br>Chicago, IL 60604<br>312-427-1558<br>greg@gregstern.com | Stephen G. Wolfe<br>Office of the U.S. Trustee<br>219 South Dearborn Street<br>Room 873<br>Chicago, IL 60604<br>312-886-7480<br>Steve.g.wolfe@usdoj.gov<br>ustpregion11.es.ecf@usdog.gov |
| Joshua Gross<br>Sean T. Scott<br>Mayer Brown LLP<br>71 South Wacker Drive<br>Chicago, IL 60606<br>312-701-8771<br>jgross@mayerbrown.com<br>sts@mayerbrown.com | N. Neville Reed<br>200 West Madison Street<br>Suite 3000<br>Chicago, IL 60606<br>312-224-1200<br>nreid@foxswibel.com |

**Brad Block**

| | |
|---|---|
| **From:** | William Factor <wfactor@wfactorlaw.com> |
| **Sent:** | Monday, May 13, 2019 5:05 PM |
| **To:** | Brad Block |
| **Cc:** | monica@gregstern.com |
| **Subject:** | RE: Deposition of Susan Higinbotham |

As I said before, we need dates by tomorrow.  Failing that, we will seek a rule to show cause.

**From:** Brad Block <brad.block@bradblocklaw.com>
**Sent:** Friday, May 10, 2019 5:15 PM
**To:** William Factor <wfactor@wfactorlaw.com>
**Cc:** monica@gregstern.com
**Subject:** RE: Deposition of Susan Higinbotham

Bill—I don't want there to be an ambiguity with my communications to you. I don't think I can set dates for Ms. Higinbotham's deposition until the judge sets a date for the hearing on your motion to dismiss (which will occur on Wednesday of next week). So I don't think there will be anything of substance to talk about on Tuesday.

Immediately after the hearing, you and I can talk to pick a couple of reasonable dates; I can then talk to Susan and get back to you on Wednesday or Thursday with a specific date. Obviously, you will need her deposition before the hearing on your motion to dismiss.

Brad Block

**From:** Brad Block
**Sent:** Friday, May 10, 2019 1:44 PM
**To:** 'William Factor' <wfactor@wfactorlaw.com>
**Cc:** monica@gregstern.com
**Subject:** RE: Deposition of Susan Higinbotham

The baby is still in critical condition, so we are going to want to push out the date for a few weeks at least. I also may need you to take the deposition in a room at Rush Hospital. It would therefore be helpful to know the date the judge is setting for the motion to dismiss hearing in order to see what dates work.

June 27 is set for hearing on the plan, but that is not an evidentiary hearing—that is to determine if the votes are there to move forward. I would expect an evidentiary hearing ion the plan to occur in July.

**From:** William Factor <wfactor@wfactorlaw.com>
**Sent:** Friday, May 10, 2019 12:46 PM
**To:** Brad Block <brad.block@bradblocklaw.com>
**Cc:** monica@gregstern.com
**Subject:** RE: Deposition of Susan Higinbotham

Brad - I don't want to discuss dates.  I want you to provide me with dates your client is available and if you want until Tuesday to provide those dates, that is fine.  I will expect the dates then and take appropriate action if not forthcoming by then.   Remember, I asked you about this over a week ago.

**From:** Brad Block <brad.block@bradblocklaw.com>
**Sent:** Friday, May 10, 2019 11:59 AM
**To:** William Factor <wfactor@wfactorlaw.com>
**Cc:** monica@gregstern.com
**Subject:** RE: Deposition of Susan Higinbotham

Bill—You haven't even seen the amended plan yet, so you don't know what questions, if any, you will have for Susan.

If you want, I can call you on Tuesday to discuss dates. Today isn't going to work for me anyway.

Brad Block

**From:** William Factor <wfactor@wfactorlaw.com>
**Sent:** Friday, May 10, 2019 11:55 AM
**To:** Brad Block <brad.block@bradblocklaw.com>
**Cc:** monica@gregstern.com
**Subject:** RE: Deposition of Susan Higinbotham

Brad … there is no reason we cannot schedule a time for a deposition now.  The deposition also relates to the plan, which has set dates.  We have been stiff armed on discovery since the beginning and if your client will not even suggest dates, we will have no choice other than to seek court intervention.

**From:** Brad Block <brad.block@bradblocklaw.com>
**Sent:** Friday, May 10, 2019 11:52 AM
**To:** William Factor <wfactor@wfactorlaw.com>
**Cc:** monica@gregstern.com
**Subject:** RE: Deposition of Susan Higinbotham

Why don't we talk about this after the next hearing—when you will have the operative plan and we will know the hearing date on the motion to dismiss.

Brad

**From:** William Factor <wfactor@wfactorlaw.com>
**Sent:** Friday, May 10, 2019 10:10 AM
**To:** Brad Block <brad.block@bradblocklaw.com>
**Cc:** monica@gregstern.com
**Subject:** Deposition of Susan Higinbotham

Brad .. As I discussed with you in court last week, I would like to take Susan Higinbotham's deposition within the next 2-3 weeks.  Please supply some dates.